JOHN G. KRAFT, and PETER FORNEY WINEBRENNER
*vs.* CHARLES E. EGAN.

*Specific performance—Certainty of Description of subject of Contract—Construction of Deed.*

A contract for the sale of land mentioned both the plaintiffs and defendant as of the City of Baltimore, in the State of Maryland, and stated that the plaintiffs have sold to the defendant all their land and improvements thereon, together with the boiler and elevator, "on the east side of Belt street, and south of Cross street, running to the Port Warden's line, owned by the plaintiffs, and occupied as a packing house by W., which is subject to a ground rent of $600 a year." Thirty days were to be allowed for the examination of the title and the drawing of a deed to the defendant, and a mortgage from him to the plaintiffs, "for the balance of the purchase money; said mortgage to contain the covenants, clauses, and conditions usual in the City of Baltimore." On a demurrer to a bill for specific performance, which set out the contract or agreement, and alleged "that before the date of said agreement the defendant had been on the land three or four times, and had examined the same, and well knew its location and situation in the City of Baltimore," it was HELD:

That there was such reasonable certainty in the description of the property as to sustain the bill.

In November, 1866, certain property was leased by H. to N. for ninety-nine years, renewable, at the yearly rent of $600, and in November, 1869, N. sub-leased it to the plaintiffs for the residue of the term, save one year, reserving an annual rent of $1500, with a covenant that N. would pay the original rent of $600, or save the plaintiffs harmless from it. In August, 1870, N. executed a deed and release to the plaintiffs for the residue of the term, "with the benefit of renewal forever, subject to the payment of the annual rent of $600, as mentioned in said lease from H. to N. but free, clear and discharged from any other or greater rent reserved by the aforesaid sub-lease," and with a covenant to warrant specially the property granted. HELD:

Kraft and Winebrenner *vs.* Egan.

That the deed to the plaintiffs conveyed the whole term as originally created, subject only to the original rent of $600.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from an order of the Court below, (PHELPS, J.) sustaining the demurrer to the amended bill of complaint, and dismissing the bill, with costs to the defendant. The case is stated in the opinion of the Court.

The cause was argued before MILLER, ROBINSON, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

*Charles Marshall,* and *Edward Otis Hinkley,* for the appellants.

The facts mentioned in the agreement distinguish this case from others, in which the description has been held to be insufficient. In *Berry vs. Dewart and Wife,* 55 *Md.,* 66, the words of description were: "Five building lots on Lee near Cove street;" and the Court said, "the deed not professing to convey all the property of the grantor or even all of his lots or real estate on Lee street, there is really no description or designation of the five building lots on the one side or the other of Lee street." This shows the distinction between that case and the present one. For it is described as owned by the plaintiffs, and as "*all their land and improvements thereon*" on the east side of Belt street, south of Cross street, and as running back to the Port Warden's line. Moreover, the reference to its occupation as a packing house by the Winebrenners renders it absolutely certain what land it is.

It is just as easy to find the land occupied by a person who is named, as it is to find the person himself. Legacies given to persons by name are good, because they can be ascertained and identified. A devise of land

Kraft and Winebrenner *vs.* Egan.

described as in the occupation of a certain person, is good, because the person being found and identified, his local habitation and the land possessed by him may be as easily ascertained as the person named. In *King vs. Buckman*, 20 *N. J. Eq.*, (5 *Green*,) 359, and in *Dobson vs. Litton*, 5 *Coldw.*, 619, it was held that the words "*my land*" would have been good. Neither is the case of *Holms vs. Johnston*, 12 *Heiskell*, 158, in point here, because the facts were different.

In *Butterfield vs. Cooper*, 6 *Cowen*, 481, the Court said: "The description of the *Hawkins place* referred to the actual location of the lot, as possessed by Hawkins." In *Jackson vs. Livingston*, 15 *John.*, 471, the description was: "The farm whereon Jacobs J. Decker now lives." The Court said: "It is to be presumed this possession was known to both parties; and that it was the farm as an entirety, thus possessed by Decker." This possession was proved by witnesses. 3 *Greenleaf's Cruise on Real Property*, *269, (top page 343,) being Vol. IV, Title 32, section 55, cites *Sheppard's Touchstone*, *250. See also *Dart's Vendors and Purchasers*, 140, 254, 255. A general description of the property is sufficient, citing *Ogilvie vs. Foljambe*, 3 *Merivale*, 53. See *McMurray vs. Spicer*, *L. R.*, 5 *Eq.*, 536; *Bleakley vs. Smith*, 11 *Simons*, 150; *In re Boulter Ex parte Nat'l Provincial Bk. of England*, *L. R.*, 4 *Ch. Div.*, 245; *Robeson vs. Hornbaker*, 3 *N. J. Eq.*, (2 *Green*,) 60; *Hurley vs. Brown*, 98 *Mass.*, 545; *Nichols vs. Johnson*, 10 *Conn.*, 199, *Hanly, &c. vs. Blackford*, 1 *Dana*, 1. Parol evidence is admissible to show what land is in possesson of a person named. 1 *Greenleaf*, 287. A grant of lands in possession of another is good. 3 *Jacob's Dict.*, 196, *title Grant.* 1 *Roll. Rep.*, 23.

*As to the alternative clause.*—The price to be paid is definitely fixed at $27,500, of which $100 is paid in cash, and the whole of the balance is to be paid in five years

from the 1st day of May, 1891, with interest semi-annually from that date. The vendee has the right to pay $3,900 or $4,900 in thirty days from the date of the contract. He has the right to elect which amount he will pay, whether $3,900 or $4,900, by the legal construction of the contract itself. 2 *Chitty on Contracts*, 1061, *ch. V; Parsons on Contracts, page* 169; *Layton vs. Pearce*, 1 *Douglas*, 15.

An alternative contract is not void. If the plaintiff has the right to elect when he makes his election, the contract is no longer an alternative contract, his election is part of his contractual right, as much so as any other part of the contract, and when made, the contract is as though there had never been an alternative. If the right to elect be the right of the defendant, it is a contractual right, and implies a right on the part of the plaintiff to require the defendant to elect, a right that is as much capable of enforcement as any other contractual right.

In the present case the vendors offer to accept either of the two payments promised, and it is against equity that the defendant shall refuse to pay either because he declines to elect which he will pay.

Could the plaintiffs make to the defendant the title they contracted to make? The deed from Numsen and Allers to plaintiffs, gives a good title to them for the land sold, subject to an original ground rent of $600.

This deed grants and releases the land *habendum*, to plaintiffs, their personal representatives and assigns, "for all the residue of the term yet to come and unexpired therein, with the benefit of renewal forever, subject to the payment of the annual rent of six hundred dollars, mentioned in said lease from said Anna H. and Jane G. Howard, to said parties of the first part; but free, clear and discharged from any other or greater rent reserved by the aforesaid sub-lease from the parties of

Kraft and Winebrenner vs. Egan.

the first part, to the parties of the second, as above mentioned." Here is a plain conveyance of the whole term originally created, therefore the reversion reserved in sub-lease as usual, viz., one year, is gone. Here also is an express statement that the term thus conveyed should be subject to its original rent of $600. And here is finally a distinct declaration that it should be free, clear and discharged from any other rent reserved by the sub-lease. No possible doubt could arise under these words.

A general recital in a deed will not control the plain words of the granting part. *Huntington vs. Havens*, 5 *John. Ch. R.*, 23. See *Brashier vs. Gratz*, 6 *Wheat.*, 533; *Dorsey vs. Hammond*, 1 *H. & J.*, 193; *Hammond vs. Sappington*, 2 *H. & J.*, 446; *Hammond vs. Ridgely*, 5 *H. & J.*, 263; *Wilson, et al. vs. Inloes, et al.*, 6 *Gill*, 161.

*Louis B. Bernei*, and *Edgar H. Gans*, (with whom was *B. Howard Haman*, on the brief,) for the appellee.

The paper writing which forms the basis of this proceeding disclosing on its face that the terms of sale had not been agreed upon, is incomplete. It is uncertain whether $3,900 or $4,900, whether $4,000 or $5,000 shall be paid within thirty days, and the paper contains no reference or other manner of determination of the amount of payment. This sum being uncertain, the balance provided for is equally uncertain. The uncertainty of the terms of the agreement in question is an insuperable objection to its specific execution. *Allen vs. Burke*, 2 *Md. Ch. Dec.*, 539.

Unless the essential terms of the sale can be ascertained from the writing itself or by reference in it to something else, the writing is not a compliance with the statute; and if the agreement be thus defective, it cannot be supplied by *parol proof*. *Williams vs. Morris*, 95 *U. S.*, 456.

A time must be fixed for the payment of the purchase money. *Hopkins vs. Roberts and Wootton,* 54 *Md.,* 316.

·To warrant a decree for ·specific performance, the terms must be so clearly and fully shown that the Court can have no difficulty in knowing what the terms are, so as to be certain of carrying into effect the contract made by the parties. *Myers vs. Forbes,* 24 *Md.,* 611. Measured by this standard the contract in question must fall.

The subject-matter of the contract is described as being "on the east side of Belt street and south of Cross street, running to the Port Warden's line, owned by the appellants, and occupied as a packing house by P. F. & D. E. Winebrenner." This constitutes the description of the property. Whether, in the first place, the lands are in Baltimore or New York, in San Francisco or in Oshkosh, on this side or on the other of the Atlantic, the contract in this case will not enable one to determine. In the second place were it possible to locate the State and city in which the lands in question are located, parol evidence would have to be resorted to in order to determine which of the block of houses on the east side of Belt street south of Cross street, and occupied as a packing house by P. F. & D. E. Winebrenner who, *non constat,* may have been occupying another in that block which was owned by the appellants, is the particular one mentioned in the memorandum of sale.

The memorandum must indicate the subject-matter of the contract, which must be so clearly shown as to admit of identification, parol evidence being resorted to *only* where a *sufficient* description is given, and then to fit the description to the thing, such evidence being altogether inadmissible, however, where an insufficient description is given. *Reed on Stat. of Frauds, sec.* 408.

The omission of county and State has been held to be fatal. *Johnson vs. Kellogg,* 7 *Heisk.,* 264; *Fisher vs. Kuhn,*

54 *Miss.*, 483, 484; *Holms vs. Johnston*, 12 *Heisk.*, 158; *King, Adm'r vs. Ward*, 7 *Mo.*, 401; *Holmes vs. Evans, et al.*, 48 *Miss.*, 247. 250.

The title of the plaintiffs in the property on May 1, 1891, the time at which delivery was to be made by the terms of the contract, was unmarketable and doubtful. The property was described in the contract as being "*subject* to a ground rent of $600 a year."

It is clear that if the title of the plaintiffs was not a *leasehold* but a *sub-leasehold* interest, the bill cannot be maintained. *Rayner vs. Wilson and Hunting*, 43 *Md.*, 444.

Nor is the Court in this case for specific performance to construe the deed of the 18th of August, 1870, from Numsen and Allers to the plaintiffs for the purpose of determining whether the sub-leasehold interest was destroyed by that deed. The real question is: Does this deed leave the matter, without a judicial construction of its terms, in such reasonable doubt as to make the title unmarketable? Would a prudent conveyancer, on examining the title, turn it down as not being good? *Gill vs. Wells*, 59 *Md.*, 494–5.

It is the deed of the 18th of August, 1870, which gives rise to the dispute in the case.

By its terms, the grantors "grant and *release*" the property—(describing it)—it being the same property * * * * "sub-leased to the parties of the second part at the yearly rent of fifteen hundred dollars, payable half yearly, *it being the intention of the parties of the first part, by this deed, to release said property from a part of said yearly rent of* $1500, viz., *the sum of* $900, *leaving the said property subject to only the original rent aforesaid.*"

Here in express terms the intention of the grantors is expressed. They were lessees and their grantors were sub-lessees. The plaintiffs contend that the intention of this deed was that the grantors should assign the

whole of their leasehold interest, so that the sub-lease would be extinguished. The defendant contends that this could not possibly have been the intention. First. If such were the intention, a simple assignment of all their interest would have effected the purpose. Second. By the express terms of the deed, the intention of the grantors is declared to be—not to extinguish the whole sub-rent, but only a part of it, and that part is distinctly set forth. "It being the intention of the parties of the first part by this deed to release part of said yearly rent of $1500, to wit, $900."

The expression, "*leaving the said property, subject only to the original rent,*" is to be construed with the foregoing, and simply means that the rent in *quantum* was not to be more than $600, the sub-lessee paying this sum to the lessees, and they paying it to the original lessor.

The language used in the *habendum* clause in the deed, cannot contradict the clear meaning of the expressions already quoted from the granting clause. It is well settled in this State that where the premises and *habendum* in a deed are repugnant, the premises shall prevail. *Winter vs. Gorsuch, et al.*, 51 *Md.*, 180.

Whatever might be the ultimate construction of this deed by judicial decision, it is unquestionable that there is a well founded and reasonable doubt as to whether Kraft and Winebrenner are not sub-lessees instead of original lessees.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case is filed for a specific performance of a contract for the sale of land and improvements thereon. The original and supplemental bills, demurrers thereto, and order of Court thereon, are, by agreement of counsel, omitted from the record, and the questions to be passed upon by the Court arise upon a demurrer to an amended bill. The contract is set out in the

bill, and is in these words. "This agreement made this 11th day of March, 1891, between John G. Kraft and Peter Forney Winebrenner, of the City of Baltimore, in the State of Maryland, of the one part, and Charles E. Egan of said city of the other part,

Witnesseth, that the said Kraft and Winebrenner have sold to said Egan all their land and improvements thereon, together with the boiler and elevator on the east side of Belt street, and south of Cross street, running to the Port Warden's line, owned by said Kraft and Winebrenner and occupied as a packing house by P. F. and D. E. Winebrenner; which is subject to a ground rent of $600 a year. The terms of sale are twenty-seven thousand five hundred dollars for said property, of which the sum of one hundred dollars has been paid this day,—and thirty-nine or forty-nine hundred dollars more,—making, say, four thousand dollars or five thousand dollars, shall be paid within thirty days from this date, and the balance within five years from first day of May, 1891, with interest semi-annually from that day. Possession to be given on 1st May, 1891. Taxes to be adjusted to 1st May, 1891, in due proportion, also the ground rent to be paid up to 1st of April, 1891. Thirty days to be allowed from this day for the examination of title and the drawing of a deed to said Egan, and a mortgage from him to said Kraft and Winebrenner for the balance of the purchase money; said mortgage to contain the covenants, clauses and conditions usual in the City of Baltimore."

The bill sets out that the complainants had performed all the conditions of the contract, and were willing and ready to deliver possession of the property, and had tendered possession thereof on the first day of May, 1891; that they were willing to accept either the sum of $3,900 or the sum of $4,900, within the period limited by the contract; to execute a proper deed, and to take a mort-

gage to secure balance of purchase money, in accordance with the terms of the agreement.

The defendant demurred to the bill and assigned as cause of demurrer:

First,—That the contract is too uncertain to be enforced.

Second,—That the contract is incomplete.

Third,—That the interest and estate of the plaintiffs in the property is not such as was sold to the defendant.

Fourth,—That the title to the property was clouded and embarrassed by a reasonable doubt.

Fifth,—That the subject-matter of the contract is not sufficiently described.

The principal question in the case arises upon the sufficiency of the description of the property sold as set out in the contract; and whether the appellants could make a good and valid title to the property sold, on the first day of May, 1891.

It is contended on the part of the appellee, that the description that the property is situated "on the east side of Belt street and south of Cross street, running to the *Port Warden's line*, owned by said Kraft and Winebrenner, and occupied as a packing house by P. F. and D. E. Winebrenner," is uncertain and indefinite, because it does not state the city or State in which the property lies; and that parol testimony would have to be resorted to in order to establish the house and land on the east side of Belt street and south of Cross street and occupied by P. F. and D. E. Winebrenner.

But this objection we do not think can be sustained. The parties between whom the contract is made are mentioned in the agreement as of the City of Baltimore, in the State of Maryland. The contract refers to Belt street and Cross street and to the *Port Warden's line*, and states that the property is occupied as a packing house by persons who are named, and that it is owned by the

vendors, who reside in the City of Baltimore, Maryland. In addition to this a mortgage to secure a portion of the purchase money, with the conditions usual in the City of Baltimore is provided by the contract; and the bill alleges "that before the date of said agreement the defendant had been on the land, so sold to him, three or four times, and had examined the same, and well knew its location and situation in the City of Baltimore and had negotiations with reference to purchase of same."

Here we think is reasonable certainty in the description, which is all the law requires upon this subject. In the case of "*Robeson and Maxwell vs. Hornbaker and Barber, 3 N. J. Eq.,* (2 *Green,*) 60, the Court held that it will not refuse a decree for specific performance, merely because the agreement doth not state in what county or State the lands agreed to be conveyed lie, provided the description of the premises is not thereby rendered altogether indefinite.

In the case of *Shardlow vs. Cotterel, L. R., 20 Ch. Div.,* 90, the following receipt alone was held a sufficient description: "Received of Mr. A. Shardlow the sum of £21 as deposit on property purchased at £420, at Sun Inn, Pinxton, on the above date, that is 29 March, 1880. Mr. George Cotterel, Pinxton, owner."

In the case of *Ogilvie vs. Foljambe, 3 Merivale,* 53 and 68, which is approved in *Hurley vs. Brown, 9 Mass.,* 545, "Mr. Ogilvie's house," was held a sufficient description and that parol evidence was admissible to identify the property.

The contracts sought to be enforced in those cases were all less certain and definite than the one in this case.

The next and remaining objection is made to the sufficiency of the title of the appellants, under this deed. What was, then, their title?   On the 8th of November, 1866, the property had been leased by Anna H. Howard and Jane G. Howard to Wm. Numsen and John A.·

Allers for 99 years, renewable, at the yearly rent of $600; and on the 11th of November, 1869, sub-leased by Numsen and Allers to the plaintiffs for the residue of the term, save one year, reserving an annual rent of $1500, with a covenant that the sub-lessors would pay the original rent of $600 or save the sub-lessees harmless from it.

On the 18th of August, 1870, the sub-lessors, Numsen and Allers, executed a deed and release to the sub-lessees, the appellants in this case, for the residue of the term, subject to the rent of $600, reserved by the original lease.

It is very manifest from an examination of this deed, that it was the clear intention of the grantors to assign the whole of their leasehold interest, thereby extinguishing the sub-lease. The *habendum* clause is as follows: For "all the residue of the term yet to come and unexpired therein, with the benefit of renewal forever, subject to the payment of the annual rent of $600 as mentioned in said lease from Anna H. and Jane G. Howard to said parties of the first part, but *free, clear* and *discharged* from any *other* or *greater* rent reserved by the aforesaid sub-lease from the parties of the first part to the parties of the second part, as above mentioned; and the said parties of the first part covenant to warrant specially the property hereby granted, and to execute such further assurances as may be requisite." The deed not only conveys the whole term as originally created, but specifically states that it shall be subject only to the original rent of $600, and shall be free, clear, and discharged from any other rent reserved by the sub-lease.

And when this clause of the deed is considered in connection with what precedes it, we think it is clear that there was a surrender to the tenants of the sub-lease, and therefore a surrender of the rent thereunder, leaving the term subject only to the original rent of $600. We

are therefore of the opinion that the title to this property is free from doubt, and, as the description is ample, the plaintiffs are entitled to a decree for specific performance. Entertaining these views, we shall reverse the order, with costs, from which this appeal is taken, and remand the cause.

> *Order reversed, and*
> *cause remanded.*

