# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 2, 1904.

## DAVID LEVIN
### VS.
### ISRAEL LEVINSKY.

*Daniel* and *Milton D. Greenbaum* for plaintiff.

*Peter J. Campbell* and *C. Dodd McFarland* for defendant.

SHARP, J.—

The bill in this case was filed to obtain a decree for the specific performance of a contract to sell leasehold property. The original contract filed as an exhibit with the bill is as follows:

"Received from David Levin Ten doll deposit on my house, 1224 McElderry St.—this house is agreed to be sold to Mr. Levin for $12.00 doll.—Twelve hounderth doll, with 30 doll. ground rent—the did must be settled in 60 days from this date; in case after 60 days the house is not setteld the deposit of the 10 doll. if forfited, the Dead of the house must be in satisfactory manner, in other way the deposit must be returned to Mr. Levin—after the did is setteld Mr. Levin agreed to rend to Levinsky his rooms for one month for 6 dollers. Six doll."

April 17th, 1904.

J. LEVINSKY."

The defendant demurs to the bill. His grounds of demurrer are as follows:

1. That the residence of the defendant is not stated in the prayer for subpoena as required by the 16th Equity Rule.

2. That it appears on the face of the contract that the plaintiff's only remedy in case the defendant refused to convey was the return of the deposit.

3. That the contract relied on is not definite and certain.

4. That the obligations of the parties are not mutual.

1. That plaintiff asks leave to amend the bill by inserting the address of the defendant in the prayer for process. Leave will be granted.

2. It is contended that by the terms of the contract Levin's only remedy in case Levinsky refuses to convey is a return of the deposit. The clause relied on is "the dead of the house must be in satisfactory manner, in other way the deposit must be returned." The contract will not bear that construction. The clause referred to must be construed in connection with the preceding clause—"The did must be settled in 60 days from this date. In case after sixty days the house is not setteled the deposit of 10 dolls. is forfited."

These clauses refer entirely to the conveyancing and title. The title is to be examined and the transaction closed in sixty days. If the title is satisfactory and Levin refuses to pay the balance of the purchase money he forfeits the deposit, if the title is unsatisfactory Levinsky must return the deposit.

These clauses refer entirely to Levin's rejection of the option and not his acceptance.

3. It is contended that the property agreed to be sold is not described with certainty, and that courts of equity will not decree the specific performance of contracts which are not definite and certain.

The property is described as "my house No. 1224 McElderry street." It is not necessary that the property be described by metes and bounds. Any description which identifies the property with reasonable certainty suffices. Ordinarily, in Baltimore, reference to property by number and street is a sufficient description to identify it. There would be only one house of such a description, and an examination of the property would ordinarily disclose its exact location and dimensions. In this case, moreover, the property is described as "my house No. 1224 McElderry st." The location and dimensions of the property may be shown by parol: "Id certum est quod certum reddi potest."

Scarlett vs. Stein, 40 Md., 512.

Kraft vs. Egan, 76 Md., 252.

Frey on Specific Performance, 145.

If the evidence shows the improbable situation that the defendant owned two houses on McElderry street,

each numbered 1224, a different case would arise. The description in this contract is sufficient on demurrer at any rate. This point is not well taken.

4. It is contended that the obligation is not mutual that Levinsky is bound to convey, but Levin is not bound to take the property, and that courts of equity will not decree the specific performance of contracts which are not mutual.

The true construction of the contract is that it is an option given Levin by Levinsky to buy the property at any time within sixty days. The document is obviously not the work of a lawyer or skilled draughtsman, but the meaning is clear—Levin at any time within sixty days had the right to pay the balance of the purchase money and require a conveyance.

The option being without consideration, was revokable at any time. The payment of ten dollars was not a consideration for the option, but a payment on account of the purchase money. So far as appears the option was not revoked before acceptance. The bill alleges that Levin tendered the balance of the purchase money and demanded a deed. There is no other allegation in the bill of an acceptance of the offer, nor any allegation that the offer was withdrawn before acceptance.

It seems to me the true construction of the bill is that it alleges Levin accepted the option before any withdrawal and demanded a conveyance which was refused. This being true a different relation immediately arose. Upon Levin's acceptance of the option the obligation became mutual. Levin was thereafter as much bound to pay the balance of the purchase money as Levinsky was to convey.

Dambman vs. Lorentz, 70 Md., 380.

It is contended that the acceptance not being in writing Levin was not bound under the statute of frauds and the obligation is still not mutual after his acceptance.

It is not the contract, but a memorandum of it which is required to be in writing. The memorandum need not be made at the time of the acceptance. Reed on Statute of Frauds, S. 325, S. 355, and cases cited. Nor need it be delivered to the other party.

Drury vs. Young, 58 Md., 546.

The bill in this case is a sufficient memorandum to satisfy the statute of frauds. It was signed by Levin; sets out the option of Levinsky, the original paper being filed as an exhibit, and its acceptance by Levin.

It was filed within 60 days after the option was given.

It is true Levinsky in case of Levin's refusal to pay the balance of the purchase money had no remedy before acceptance of the offer but retention of the deposit, but this is true of all options. When Levin accepted the option a different situation was created. The obligation was then mutual. Levinsky had made an offer on the property which had been accepted, both were then bound.

Moreover, the statute of frauds must be pleaded. The statute does not forbid the specific performance of parol contracts when the defendant admits the agreement and does not rely on the statute.

Artz vs. Grove, 21 Md., 456.

This ground of demurrer is not well taken. If the proposed amendment to this bill is made the bill is not demurrable.