EMORY E. ENGLER *vs.* FRANK L. GARRETT ET AL.

*Appeal—Variance Between Proof and Allegations of Bill—Rights of Tenant in Possession of Land Sold—Specific Performance—Mutuality—Certainty—Notice by Grantee of Contract of Sale.*

Upon appeal from a decree in equity, where there have been no exceptions to the testimony, the cause will be determined according to the evidence, whether it corresponds with the allegations of the bill or not, since Code, Art. 5, sec. 34, directs that no objection to evidence or to the sufficiency of the averments of the bill shall be made in the Court of Appeals unless such objection was made in the Court below.

When the contract for the sale of a house then occupied by a tenant provides that the tenant shall have the right to remain till a designated time, the vendor is not justified in refusing to convey the property on the ground that the purchaser refuses to give security that the tenant will not be disturbed in his possession.

When one purchases a house subject to the right of a tenant to remain in it till a certain time, the purchaser cannot require the tenant to pay any other rent than that stipulated in his lease.

A contract for the sale of land is not lacking in mutuality because it is signed only by the defendant, against whom specific performance is asked.

When a contract for the sale of a house does not specify the State or city where it is situated, but does mention the name of the tenant then in possession of it, and its street number and the name of the owner, the agreement is sufficiently definite.

When a party takes a conveyance of land with knowledge that a contract for the sale of it to another had been made, specific performance of the contract of sale will be enforced against such grantee.

Appeal from Circuit Court No. 2, of Baltimore City (SHARP, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*William P. Lyons* and *Robert N. Baer*, for the appellant.

No exceptions have been filed either to the sufficiency of the bill or to any of the evidence, and therefore no objection

can now be made to the sufficiency of the averments of the bill or to the admissibility of any evidence, and the case will now be decided "according to the matters established by the proof," Code, Art. 5, sec 34; *Miller's Equity*, sec. 329–334; *Schroeder* v. *Loeber*, 75 Md. 195, 202. As the answer in this case admits the agreement and does not set up the Statute of Frauds, no reliance as a defense can now be had on that statute, *Miller's Equity*, sec. 701; *Lingan* v. *Henderson*, 1 Bland, 248, and it will therefore be unnecessary to consider whether or not there has been a compliance with that statute in this case. The vendor having admitted the agreement of sale in his answer and the mortgagee having admitted notice of the sale, no proof of these facts would be required, *Miller's Equity*, sec. 154, though these facts appear from the proof.

This is a contract which will be enforced by a Court of equity. It is an agreement of sale, not an option. The proof which, as we have said, alone governs in this case, shows a contract binding on both parties. But if we were limited to the written contract, the fact that it is signed only by the party to be charged would not affect the mutuality of the contract. *Fry*, *Specific Performance*, 4th Edn., sec. 470, 471, 515; *Rider* v. *Gray*, 10 Md. 282–287; *Penniman* v. *Hartshorn*, 13 Mass. 91; *Waterman*, *Specific Performance*, sec. 201–239; *Gartrell* v. *Stafford*, 12 Neb. 545–551.

The contract is certain. There is no controversy whatever suggested either in the pleadings or in the evidence on this point. Even if we were limited to the written contract, the description therein of the property is sufficient. In *Dixon* v. *Dixon*, 92 Md. 436, the description, almost exactly the same as the description in this case, was held sufficient. See also *Kraft, &c.*, v. *Egan*, 76 Md. 243, and *Eggert* v. *Heer, &c., Co.*, 102 Mo. 512. In addition to this the plaintiff's pleadings refer by date and book and page of record to the deed of the property from the vendor to the mortgagee, and the answer of the vendor likewise refers by date and book and page of record to the release of mortgage on this property. And all of this is corroborated by the proof. The proof also shows

the property was occupied by the tenant mentioned in the contract. Almost anyone of these additional matters would be sufficient description of the property under the authorities. *American Digest*, Century ed., vol. 44, p. 1330, &c.. The proof which governs in this case shows that the parties to the contract met at the home of the vendee on the evening of October 6th, 1903, to consummate the sale, that the property had been released from a mortgage, and that the mortgagee was to be paid the mortgage debt and interest by the vendor out of the proceeds of the sale, *Pickett* v. *Wadlow*, 94 Md. 568. There is no need then to cite authorities to show that if limited to the memorandum, time and place of performance would be implied. *Pomeroy on Specific Performance*, 2nd ed., sec. 91; *Ashurst* v. *Peck*, 101 Ala. 499.

There is no objection in this case by the vendee to the title or to the interest to be transferred by the vendor and of course no objection can be received from the vendor on that point. *Jones* v. *Belt*, 2 Gill, 106, 123; *Fry on Specific Performance*, 4 Edn., sec. 374; *Baxter* v. *Brand*, 36 Kentucky, 296; or on the point that there is no evidence of title. *Gartrell* v. *Stafford*, 12 Neb. 545, 551; or on the point that there is no allegation or proof of the interest to be conveyed. *Bogan* v. *Daughdrill*, 51 Ala. 312. Any other possible points under this head than those above mentioned would be fixed by implications of law. *Pomeroy, Specific Perf.*, 2 Edn., top p. 499 and top. p. 211, note citing *Everett* v. *Dilley*, 39 Kansas, 73; *Carrodus* v. *Sharp*, 20 Beav. Ch. Rep. 56.

The contract has all the other qualities which recommend its enforcement to a Court of equity. It is fair, just and reasonable in all respects, *bona fide*, useful, upon a valuable consideration and its enforcement will do justice to the vendee without inflicting any hardship whatever upon either the vendor or his grantee.

The only excuse offered by the vendor in his testimony for not performing the contract and the only defense to this suit suggested by him is that the vendee at this meeting on October, 6th, 1903, to consummate the sale would not give him any

security that the tenant of the property would be permitted to remain in the premises until October 1st, 1904, and that he asked for the receipt of September 21st, 1903, as such security and that the vendee's attorney refused to give up the receipt because the vendee wanted it to show that he had made a payment on account. And possibly this is the only point which we should have discussed. *Thistle Mills* v. *Bone*, 92 Md. 57.

The vendor admits that he was offered a copy of this receipt as he was about to leave the meeting and refuses to say whether he would have executed the deed if he had been given a copy of the contract when he asked for it, and will not say that the vendee refused to let the tenant remain until October 1st, 1904.

The proof shows that in pursuance of an agreement made September 2nd, 1903, the vendor gave to the tenant then in possession of the premises a lease on September 30th, 1903, for a term ending October 1st, 1904. If the deed had been executed on October 6th, 1903, how could the vendee, under the facts above conceded, possibly disturb the possession of the tenant before October 1st, 1904? *Border State, &c.,* v. *Wilcox*, 63 Md. 525; *Baynard* v. *Norris*, 5 Gill, 468–483; *Note to Alexander* v. *Ghiselin*, 5 Gill, top p. 107. Moreover, the proof shows that by letter written by the vendee on October 13th, 1903, and received by the vendor on October 14th, the vendee regrets the failure of the vendor to execute the deed because of a misunderstanding on the part of the vendor and says he is willing that the tenant "shall have a lease of the premises for a year in accordance with the terms of the contract, or he is willing to execute a new lease for the same period of time" if the vendor shall so desire and the vendee seeks to fix a date for the consummation of the contract. If there had been any misunderstanding on October 6th, on this point, certainly there could be none after the receipt of this letter. Why should not the contract be then consummated? Certainly the vendor could not then refuse to execute the deed if he still owned the property. *Wilson et al.* v. *Herbert*, 76 Md. 489.

The mortgagee accepted the deed of the property with notice of the contract of sale, and, therefore, so far as the vendee is concerned, stands in the same position as the vendor. Although the defendants alleged that the deed was accepted in payment of the debt, the testimony and surrounding circumstances of this case show that the deed was, at best, intended merely as security for the debt.

But whether the deed was accepted in payment of the debt or, at best, as a mere security for it, as we contend, the grantee having notice of the contract of sale, took the property subject to the equitable claim which the vendee had against the property because of the contract of sale. The mortgagee admits in his answer and in his testimony that he knew the sale had been made and that he had released his mortgage in anticipation of the completion of this sale. Whether the mortgagee knew only that a contract of sale of this property had been made or knew both that the sale had been made and to whom it had been made is unimportant. *Thistle Mills* v. *Bone*, 92 Md. 59. But the proof shows, we believe, that he knew both these facts.

Whatever is sufficient to put a party upon inquiry is good notice in equity. *Ringgold* v. *Bryan*, 3 Md. Ch. 488. See *Note to Alexander* v. *Ghiselin*, 5 Gill, top p. 104, Brantley's Edn.; that is, where a man has sufficient information to lead him to a fact, he shall be deemed to know it. *Smart* v. *Andrews*, 19 Md. 398; *Price* v. *McDonald*, 1 Md. 414. Having notice, the grantee in this case is regarded as a trustee for the vendee. *Worthington* v. *Lee*, 61 Md. 530; *Smoot* v. *Rea*, 19 Md. 412.

*Harry W. Henderson*, for the appellees.

The Courts refuse specific performance where a mere receipt is relied on as the contract, signed by only one of the parties, unless it is full, clear, explicit and contains all the terms and conditions of sale. *Duvall* v. *Myers*, 2 Md. Ch. 404, 405; *Dixon* v. *Dixon*, 92 Md. 440; *Horner* v. *Woodland*, 88 Md. 512; *Thistle Mills Co.* v. *Bone*, 92 Md. 47.

The case at bar was a mere receipt for money; the contract could not clearly be gathered from the paper-writing and required a mass of evidence to arrive at the intention of the parties and was moreover a conditional contract. It has been held in this State where the contract of sale is not clear and where the intention of the parties can only be arrived at by parol evidence, the Courts will not decree specific performance. *Horner* v. *Woodland*, 88 Md. 514; *Dixon* v. *Dixon*, 92 Md. 432.

The rule in conditional contracts is stated to be with reference to third parties that "Where the contract is subject to collateral conditions as the *contract of a third person* interested, specific performance will not be decreed unless such condition has occurred or been performed." 26 *Am. & Eng. Ency.*, p. 40.

In this case, the condition precedent whereby Linthicum was to have the privilege of remaining for one year was not performed, and no assurance was given that it would be performed. It must have been the intention of the parties when the receipt was given that the condition would have been complied with and how could the condition have been complied with, except by carrying out the understanding and giving to the tenant the privilege mentioned in the condition the moment he notified the appellant through the appellee that he desired it. The mere receipt of a privilege or a condition between the parties is not a granting of the privilege or a fulfillment of the condition.

Why did the appellant then refuse to carry it out unless as his testimony would indicate for the reason that he did not suppose it could be enforced against him by the tenant or third party. Where certain conditions remain to be performed by the party seeking the aid of a Court of equity, of such a nature that performance could not be enforced, a decree will as a rule be denied." 26 *Am. & Enc. Ency.*, p. 40.

In the absence of an express agreement between the parties. embodying their mutual understanding of the sale the paper-writing signed by one party containing a vague condition is

too uncertain and vague to be enforced by a Court of equity in a bill for specific performance. No rent was stipulated to be paid by Linthicum in this case and unless an agreement embracing this feature had been entered into, neither Linthicum nor Garrett could have enforced the provisions of sale against Engler. Engler cannot, therefore, hold Garrett to an understanding for which he would not be liable himself.

The lease given to Linthicum by Garrett was dated September 30th, after the receipt or memorandum of sale of September 21st was given and was entered into by the parties relying upon that memorandum of sale and expecting that Engler would abide by the same which he refused to do or give any assurance, either by lease or agreement, that Linthicum could remain for one year. If this paper-writing or memorandum of sale is binding on Garrett without the performance by Engler of the conditon, Engler can refuse to sanction the lease between Garrett and Linthicum, as it was made subsequent to said alleged sale, while Linthicum could have held Garrett liable in damages for failure to keep him in possession of the property as agreed. The deed to Robert E. Garrett, Jr., should not be set aside, except for fraud, and no fraud has been alleged in the bill of complaint, or shown in evidence.

Whether Garrett had notice of a contemplated sale or not is immaterial. He had the first right to the payment of his mortgage claim and in the absence of any fraud, the conveyance to him, after he had released the mortgage, was perfectly proper. The bill for specific performance was not filed until some time after the transfer to Garrrtt, and he had no knowledge of any kind that such a bill would be filed at the time he took the property. To strike down this conveyance to him outside of the other reasons alleged would be unfair and would leave him without remedy for the security of his mortgage claim for which an absolute deed was given.

FOWLER, J., delivered the opinion of the Court.

This is a bill for specific performance. It alleges that on the 21st September, 1903, the defendant, Frank L. Garrett,

agreed to sell to the plaintiff, Emory E. Engler, a house and lot in Baltimore known as No. 2035 North Fulton ave. for the sum of $1,250 and that the plaintiff paid to the defendant twenty-five dollars on account of said purchase; that at the time said agreement was made the defendant executed and delivered to him the following memorandum in writing:

Baltimore, Md.
Sept. 21, 1903.

Received of Emory E. Engler twenty-five dollars on ac. of house No. 2035 N. Fulton ave. being part of the consideration of $1,250 for the house.

The property is rented by Samuel S. Linthicum, who is to have the privilege of remaining in the house until October 1, 1904, if he so desires.

Signed      F. L. Garrett."

The bill further alleges that the plaintiff has tendered the balance of the purchase-money, but that the defendant refuses to convey the property. The prayer asks for a specific performance and general relief.

The defendant answered, alleging that he agreed to sell the property mentioned provided that Mr. Linthicum the tenant then occupying the house should have the privilege of remaining there until October 1st, 1904; that he had agreed with the tenant that if certain improvements were made by him he should have the privilege of remaining until the time mentioned in the memorandum of sale; that on the 30th September, 1903, the tenant informed him that the improvements had been made by him and that he desired to remain in the premises as agreed; that the plaintiff refused to allow the tenant to remain as aforesaid; that the defendant considered the agreement of sale was abrogated by the refusal of plaintiff to perform his part thereof and tendered to him the sum of twenty-five dollars paid by him "on account of the purchase price;" and that thereafter the defendant sold and conveyed the property in question to his brother who was the holder of a mortgage upon it and who had duly released said mortgage on the 5th October, 1903, in contemplation of said sale being consummated. Subsequently an amended bill was filed alleging the

conveyance by the defendant to his brother, Robert E. Garrett, Jr., making him a party defendant and asking said conveyance to be declared null and void.   In their answer to this amended bill the defendants allege that the defendant, Frank L. Garrett, was indebted to defendant, Robert E. Garrett, Jr.; that to secure this indebtedness a mortgage upon said property was executed by the former to the latter; that the mortgagee was informed that the mortgaged property was about to be sold and that in anticipation of such sale the mortgage was released; but that he afterwards learned the sale had not been consummated because the plaintiff failed to comply with the terms of the sale, that in order to avoid litigation the mortgagee took a conveyance of the property from the said mortgagor, his co-defendant, Frank L. Garrett; that if the said property had been sold at public sale it would have realized barely sufficient to pay said mortgage, interest and costs of suit; that the sale to said Robert was absolute, *bona fide* and for a valuable consideration and that while he had been informed that the property had been offered for sale to another party, he had no knowledge of the contract of *sale as set forth in* the bill of complaint until after it was sold and conveyed to him.

Both the original and amended bills were answered and in both of them the contract relied on by the plaintiff was admitted.   There was no exception to the testimony.  Hence, as provided by Art. 5, sec. 34, the case before us on this appeal must be decided according to the matters established by the proof or as said in *Schroeder* v. *Loeber*, 75 Md. 202, "the plaintiff is entitled to an affirmance of the decree in this Court, if warranted by the proof."   In the first place let us examine the contract which is sought here to be specifically enforced against the defendants.   In order to merit the interposition of a Court of equity a contract must, according to all the authorities be fair, reasonable, *bona fide*, certain, mutual and founded on a valuable consideration.

All the testimony including that of the defendant, Frank L. Garrett, himself shows that the only reason why he refused to

perform the contract was because, as he said, nothing was offered him as a security that the plaintiff would allow the tenant, Linthicum, to remain in the house for a year under the lease which the defendant had given him, or agreed to give him. The plaintiff repeatedly declared that he was ready, willing and able to perform the contract and while this does not appear to be denied, the defendant seems to have been under the impression that he was entitled to some security that his tenant would be allowed to remain and without such security he refused to execute the deed. Was that a valid excuse for refusing to convey the property? We think not. There was nothing in the contract to justify such a demand. The sale was made, as appears upon the face of the contract itself, with reference to the lease and the evidence also shows that the plaintiff was fully aware of the fact that Linthicum was in possession of the property as the tenant of the defendant. Under these circumstances it cannot be contended that the plaintiff, if the property had been conveyed to him, could have disturbed the possession of the tenant. "The fact of the possession of a party whose rights are involved in a purchase, is a sufficient intimation of those rights to put the purchaser upon inquiry into their nature, and failing to make it, he is in equity visited with all the consequences of the knowledge of title." *Baynard* v. *Norris*, 5 Gill, m. p. 469; *Pomeroy Eq. Jur.*, sec. 615; Note to *Alexander* v. *Ghiselin*, 5 Gill, 107. It was suggested, however, that while the contract does not provide that the tenant may remain, if he so desires, it fails to provide the amount of rent to be paid by the tenant. This, however, was not necessary for under the authorities just cited the plaintiff was bound to allow the tenant to remain upon the payment of the rent stipulated in the lease which the defendant had delivered to him. *Chretien* v. *Doney*, 1 Comstock, 422; 1 *Taylor*, L & T., sec. 332, 8 ed. We do not find from the evidence that there was any question or difficulty made in regard to the amount of the rent to be paid by Linthicum when the plaintiff got possession of the property, and now for the first time it is urged as a reason why the contract should not be enforced.

Was the contract mutual ? This is not disputed in the pleading or in the evidence. It is said that it is not signed by the plaintiff but this is not necessary even under the Statute of Frauds, which only requires the signature of the party to be charged. "There may be a mutual contract to which both parties have given their assent though the evidence of such assent may exist in a different form as to the two parties. As to one, it may be verbal, while the others is expressed by his signature in writing." *Waterman on Specific Perf.*, sec. 201. The testimony as to the plaintiff's acceptance of the contract is ample, and besides this if there had been doubt on this question it disappeared when he filed his bill to enfore it.

Nor do we think there can be any objection to the contract on the ground of uncertainty. It describes the property as No. 2035 N. Fulton avenue, and further designates it as the property occupied by Samuel S. Linthicum. This certainly is quite as definite and certain as the description we held good in the case of *Kraft et al.* v. *Egan*, 76 Md. 252, where it is said that a decree for specific performance will not be refused merely because the contract does not state in what county or State the lands agreed to be conveyed lie, provided the description of the premises is not thereby rendered altogether indefinite. While, therefore, it is true the contract does not specify the city or State in which the house is located, it does give the name of the person who occupied it at the time, and he being found and identified, his local habitation can be easily ascertained. See brief of Col. Marshall in *Kraft* v. *Egan*, *supra*. The contract gives also the name of the vendor, that of the vendee, acknowledges the receipt of part of the purchase-money, and is dated Baltimore, Maryland, September 21st, 1903.

But finally it is contended that before the bill was filed the defendant conveyed the house in question to his brother, Robert E. Garrett, who was made a party defendant by the amended bill.

It appears from the evidence that Robert E. Garrett held a mortgage from his brother on the house now in controversy

for $770 and that the amount due thereon was $989.45. Having released this mortgage upon the understanding that it was to be paid out of the purchase-money to be paid by the plaintiff, the transaction not having been consummated he testified that the defendant secured him for the amount due by deeding the house to him and that he accepted the deed as security; but he also says he considered the transaction as an absolute sale for value received. But whether it was a mortgage or a deed is immaterial, for we think it is clear from the evidence that he took the property with notice of the contract of sale which had been made with the plaintiff, and in spite of the fact that he was told that the deal with the plaintiff had fallen through, it was his duty to make the necessary investigation to discover the true situation. *Thistle Mills Co.* v. *Bone*, 92 Md. 47; *Smoot* v. *Andrews*, 19 Md. 398; *Price* v. *McDonald*, 1 Md. 414. We have held that the plaintiff is entitled to a decree against the defendant who owned and agreed to sell him the house, and it follows that having notice of this contract, the other defendant is in no better position. As was said in *Worthington* v. *Lee*, 61 Md. 20, Wherever the specific execution of a contract respecting land would have been decreed as between the original parties, it will be decreed against all persons claiming under them, unless other controlling equities have intervened. We find no such in this case.

It follows that the decree appealed from must be reversed and the cause remanded in order that a decree may be passed granting to the plaintiff the relief prayed.

*Decree reversed with costs and cause*
*remanded.*

(Decided January 13th, 1905.)