## JOHN POWELL ᴇᴛ ᴀʟ. *v.* EDMUND P. MOODY.

*Specific Performance—Sale of Land—Description.*

To maintain a bill for specific performance, the agreement must be fair, just, reasonable, *bona fide,* certain in all its parts, and made upon a good and valuable consideration.          p. 66

In a contract for the sale of land, a description of it as "the land now owned by me consisting of seventy acres, more or less," "situate in Cecil County, Md., reserving all tops and logs that are down and reserving two small shanties," was sufficient, with the aid of extrinsic evidence, to determine what land was intended, for the purpose of specific performance, the bill alleging that this was all the farm land in that county owned by defendant, the vendor.          pp. 66, 67

A contract for the sale of land, sufficiently describing it and signed by the parties, is not invalid under the fourth section of the Statute of Frauds because it contemplates a survey, to obtain a more complete description, nor because such survey, when made, is not signed by the vendors.          p. 67

*Decided April 8th, 1927.*

Appeal from the Circuit Court for Cecil County, In Equity (Wɪᴄᴋᴇs and Kᴇᴀᴛɪɴɢ, JJ.).

Bill by Edmund P. Moody against John Powell and Bertha H. Powell, his wife. From an order overruling their demurrer to the bill, defendants appeal. Affirmed.

The cause was argued before Bᴏɴᴅ, C. J., Pᴀᴛᴛɪsᴏɴ, Uʀɴᴇʀ, Oꜰꜰᴜᴛᴛ, Dɪɢɢᴇs, Pᴀʀᴋᴇ, and Sʟᴏᴀɴ, JJ.

*William J. Bratton,* for the appellant.

*James F. Evans,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Cecil County, in equity, overruling a demurrer to a bill filed by the appellee, Edmund P. Moody, against the appellants John Powell and Bertha H. Powell, his wife, asking for specific performance of an agreement in writing dated the thirteenth day of August, 1926, by which the appellants sold unto the appellee a tract or parcel of land lying and being in Cecil County, Maryland. The said contract or agreement of sale is as follows:

"Know all men by these presents, that we, John Powell °and Bertha H. Powell, his wife, of Elkton, Cecil County, State of Maryland, in consideration of the sum of twenty-five 00/100 dollars, * * * do hereby grant unto the said Edmund P. Moody, his heirs and assigns, the option or right to purchase within ten days from the date hereof, for the price or sum of twenty-two hundred and seventy-five dollars, all that certain piece or parcel of land now owned by me consisting of seventy acres, more or less, at 32.50 per acre, with the buildings thereon erected, situate in Cecil County, Maryland. Reserving all tops and logs that are down and reserving two small shanties, same to be removed from premises ten days after settlement. I hereby further agree to pay one-half the cost of survey.

"And we hereby agree that if, within the time above specified, the said Edmund P. Moody, his heirs or assigns, shall declare his or their intention to exercise the said option or right to purchase the said land, he or they shall be allowed the further period of twenty days from the time of such declaration within which to examine the title and prepare the deed for the said land; and we further covenant and agree that we or our heirs, executors, administrators or assigns, shall and will at any time whenever requested, within the said further period, and upon the payment of the balance of the said purchase money (of which the said sum of twenty-five 00/100 dollars shall be considered

as paid on account) execute and deliver to the said
Edmund P. Moody, his heirs or assigns, a good and
sufficient deed of conveyance for the said land in fee
simple—the said title to be good and marketable, and
satisfactory to the said Edmund P. Moody, his heirs
or assigns, and the said land to be clear of all liens
and incumbrances.

"Provided, however, that if the said Edmund P.
Moody, his heirs or assigns, shall fail to exercise the
said option or right, or to complete the said purchase
as aforesaid, within the time or times above specified,
then the said option or right shall cease and deter-
mine, and this agreement shall be considered null and
void, and the said sum paid on account of said pur-
chase money shall be forfeited to us and become our
absolute property."

The bill alleged that "for the purpose of carrying out
said agreement and obtaining a definite description of said
land, a surveyor acceptable to all parties was employed to
survey said land, and compute its acreage, and on the 16th
day of August, the said surveyor met by appointment the
said defendant, John Powell, at and upon the premises upon
which the option had been given, being that tract or parcel
of land on the south side of the road leading from Cayot's
Corner to Town Point, in the Second Election District of
Cecil County, Maryland, adjoining lands of Ireland, Sharp,
and Vogel, and then and there proceeded to survey the same,
it being all of and the only farm land owned by defendants
in Cecil County, Maryland, and which by the return of said
surveyor was bounded and described" by metes and bounds,
courses and distances, fully set out in the bill. As alleged
in the bill

"Before the expiration of the ten days provided for
in said option agreement, the said defendant, John
Powell, was duly notified that said option would be
exercised, and that the land contracted to be sold
would be accepted and paid for as soon as the sur-
veyor, who represented both the plaintiff and the de-

fendants, in making said survey, made a return and description of said premises, as contemplated by said agreement, and a deed conveying said land could be written up, it being well known to the said John Powell that at that time the said surveyor was ill and unable to make a return on said survey.

"That as soon as the return of the surveyor was had, a deed conveying said land according to the metes and bounds, courses and distances, furnished by said surveyor, was drawn, and the said defendants were notified to appear at the office of the solicitor for plaintiff, on the 2nd day of September, A. D. 1926 (which was well within the period of twenty days after notice given that the option would be accepted as provided by said agreement, Exhibit A), to execute said deed and to receive the purchase price of the seventy-seven acres of land, more or less, at the price of $32.50 per acre, but the said John Powell did not appear, but sent word by his wife, the said Bertha H. Powell, that the option had expired and he would have to have more money.

"Plaintiff made tender of said purchase money in cash to the said John Powell, and requested him to execute the deed which had been drawn, conveying said land, and was ready for execution, but the said John Powell refused to accept said money and execute said deed.

"That this plaintiff has performed all the requirements of said agreement, on his part to be performed, has accepted the survey returned by the surveyor representing the plaintiff and defendants, which was made in furtherance of, and as contemplated by, said agreement, but the said defendants refuse to carry out and perform their part of the said agreement, although they have removed the shanties and a part of the logs and tops of timber reserved by them in said agreement, off of the land contracted to be sold as aforesaid."

The ground of the demurrer to the bill, which, as we have said, was overruled, was that the said written optional

agreement "is too uncertain and indefinite in one of its parts, namely, the description of the land in question, to admit of a decree for specific performance; and that such uncertainty and indefiniteness in said written agreement cannot be remedied and * * * made valid and enforceable, by supplying such deficiency * * * by means of a survey made subsequently to the execution of the said written agreement and never signed by the defendants, or either of them, and for this reason, namely: that under the fourth section of the Statute of Frauds, upon which these defendants expressly rely on demurrer, such agreement, being relative to the sale of land, must be, every part of it, in writing and signed by them in order to be enforceable."

It is well settled, in this state and elsewhere, that to maintain a bill for specific performance it is requisite that the agreement which the court is asked to have performed, be fair, just, reasonable, *bona fide,* certain in all its parts, and made upon a good and valuable consideration. If any of these ingredients be wanting, equity will not decree a specific performance. *Griffith v. Frederick County Bank,* 6 G. & J. 424; *Stoddert v. Bowie,* 5 Md. 35; *Gelston v. Sigmund,* 27 Md. 343; *King v. Kaiser,* 126 Md. 217, and numerous other cases.

The objection urged against the agreement in this case, is to the sufficiency of the description of the property sold. It is this question that we must consider and determine.

It is said in 36 *Cyc.* 591, that "the description must be such as to enable the court to determine with certainty, with the aid of such extrinsic evidence as is admissible under the rules of evidence, what property was intended by the parties to be covered thereby. The description need not be given with such particularity as to make a resort to extrinsic evidence unnecessary. Reasonable certainty is all that is required." *Kraft v. Egan,* 76 Md. 243; *Englar v. Garrett,* 100 Md. 387.

The appellants, in consideration of the sum of twenty-five dollars, granted unto the appellee an option or right to

purchase within the time therein mentioned, for the sum of twenty-two hundred seventy-five dollars, "all that certain piece or parcel of land now owned by me consisting of seventy acres more or less, at $32.50 per acre with the buildings thereon erected, situate in Cecil County, Maryland, reserving all tops and logs that are down and reserving 2 small shanties, same to be removed from premises ten days after settlement. I (John Powell) hereby further agree to pay ½ the cost of survey."

The land is thus described as being in Cecil County, Maryland, containing seventy acres, and, as alleged in the bill, was the only farm land owned by John Powell in that county. That upon said land were two small shanties which the appellants were to remove within the time stated in the agreement. That there were also upon the land "tops and logs" cut but not removed, that were by the agreement reserved by the appellants, and, as alleged in the bill, these shanties, "tops and logs," were removed by the appellants pursuant to said agreement.

This description of the land was, we think, sufficient to enable the court, if not without, certainly with the aid of, the proper extrinsic evidence, to determine with reasonable certainty what land was intended by the parties to be conveyed by the agreement.

The agreement contemplated a survey of the land that the number of acres may be ascertained with greater accuracy and a more complete description had of the land so sold. When the survey was made the balance of the purchase price was to be paid and the land conveyed by such description. Holding as we do that the description contained in the agreement, which was in writing, and signed by all the parties, was sufficient, we find nothing in the transaction, in conflict with the fourth section of the Statute of Frauds, to prevent the enforcement of the agreement.

The order appealed from will therefore be affirmed with costs.

*Order affirmed, with costs.*