JEROME A. LOUGHRAN *v.* ALVA S. RAMSBURG
[No. 50, January Term, 1938.]

*Decided March 10th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*W. Herbert Mellor*, for the appellant.

*James Clark*, with whom was *T. Hunt Mayfield, Jr.*, on the brief, for the appellee.

SHEHAN, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Howard County, granting the relief prayed for, specific performance of a contract for the sale of a parcel of land. The sale was made by Alva S. Ramsburg, appellee, to Paul H. Loughran, since deceased, and whose executor, Jerome H. Loughran, was, by amendment, made a party defendant and is the appellant in this appeal. The contract between the parties, under seal, was dated the 19th day of August, 1931, and provides: "That for and in consideration of the full sum of Fifteen Hundred Dollars ($1500.00), the said parties of the first part do bargain and sell unto the said party of the second part, and the latter does hereby purchase from the former, all that piece or parcel of ground situate and lying in Howard County, Maryland, containing in the aggregate three acres of land, more or less, the lines of which are to be determined by a survey made for the parties hereto, and which said three acres of land is bound on the East by the premises of Samual A. Curran and wife, on the North by the property of the said Alva S. Ramsburg, and on the West by a private driveway entering from the Baltimore to Frederick State Road to the dwelling of the said Alva S. Ramsburg, and on the South by the Baltimore to Frederick State Road."

There are the further provisions that a good and merchantable title, in fee simple, clear of encumbrances and liens, shall be granted and conveyed; that within a period of thirty days of the date of the signing of the agreement, such title is to be given, and that time is to be of the essence of the agreement. The contract was signed before the survey provided for therein was made.

The objections presented for consideration were, that the description of the land was not sufficiently definite and specific; that the contract, by agreement or mutual understanding, was "called off" or abandoned; that the performance on the part of the appellee was not within the thirty days provided in the contract; and laches. We will consider these questions in the order named.

The property was located on the north side of the Baltimore and Frederick State Road, and it will be observed that three of the boundary lines of this land are described in the contract, and the land sold contained, in the aggregate, three acres, more or less. Thus it will be seen that three lines of the tract and the acreage are designated. The fourth line, according to the terms of the contract, was to be located and the acreage fixed by a survey. Having these three lines and the area of the lot, it was not a difficult problem to establish the fourth line, and to perfect a complete description of the property, and to lay off the acres, according to the contract, and this was done, and no question was raised as to the correctness of the second survey or the fairness in establishing the fourth line of the property. A difficulty did arise when the surveyor first undertook to lay off the property. His first survey resulted in establishing an area of five acres instead of three acres, and, after some controversy, Paul H. Loughran refused to buy the five acres and stated that he would only take the number of acres provided for in the contract. Ramsburg insisted upon his taking the five acres, which was evidently for his convenience, but Loughran refused to accede to his wishes. The contention that the land was not described with sufficient certainty cannot seriously be entertained. The parties understood when the contract was made that, in order to establish the fourth line and the acreage provided for in the contract, the services of a surveyor were necessary. These were procured and the line was ultimately established. There was only a question of measurements and mathematics involved, and both parties understood this. The lines and the property were definitely and certainly ascertained. According to the witness Curran, Loughran stated, "Well, I bargained for three acres. That is all I want and I don't want the other two." He further stated that he was willing to take the three acres, but would not take five acres. This is according to the terms of the contract and according to the understanding of the parties, as shown in the

testimony and the argument. A reasonable certainty in the description of property is all that is required. *Miller's Equity Proc.*, page 789. In *Powell v. Moody,* 153 Md. 62, 66, 137 A. 477, 478, this court said: " 'The description must be such as to enable the court to determine with certainty, with the aid of such extrinsic evidence as is admissible under the rules of evidence, what property was intended by the parties to be covered thereby. The description need not be given with such particularity as to make a resort to extrinsic evidence unnecessary. Reasonable certainty is all that is required.' *Kraft v. Egan,* 76 Md. 243, 25 A. 469; *Engler v. Garrett,* 100 Md. 387, 59 A. 648." See, also, *Helmik v. Pratt,* 153 Md. 685, 139 A. 559; and *King v. Kaiser,* 126 Md. 213, 218, 94 A. 780.

The contention that the appellee undertook to definitely designate the fourth boundary line of the land independently of the surveyor's measurements is not supported by the testimony. The parties in interest were there and doubtless suggestions were made as to where the line should run, but none of them did, or could have done, more than offer suggestions, based upon judgment and estimates, to aid the surveyor, before the land was actually surveyed. In the discussion, Mr. Ramsburg thought that a certain piece of land designated would be about three acres. The surveyor's judgment was to the contrary, and when the land was laid off the judgment of the surveyor was justified, because it contained five acres, and, after Mr. Loughran refused to take the five acres, Mr. Taylor, the surveyor, made another survey, and this effort definitely laid off the three acres to be conveyed. From the above cases, and from the facts contained in the record, there can be no question that the written contract controls the situation, and neither party undertook to modify it or could have done so without the consent of the other.

The contention that the contract was abandoned is based upon a conversation between Ramsburg and Paul Loughran, in which Ramsburg insisted upon Loughran

taking the five acres as laid off and to pay him for it $2,500, but this was not in accordance with the terms of the contract and Loughran refused to accept the five acres and to pay for it, but agreed to accept the three acres as stipulated in their agreement. There was some heated discussion, but we do not think that the position of the parties, either in law or fact, justify us in regarding the contract as having been rescinded. This was the view of the chancellor before whom the case was tried. The rule, generally stated, is that a contract may not be rescinded except by the mutual consent of both parties. It is seriously contended, however, by counsel, that a contract in writing, and required to be so under the law, cannot be rescinded except by an instrument of equal dignity. *Spellman v. Dundalk Co.*, 164 Md. 465, 165 A. 192; *Abrams v. Eckenrode*, 136 Md. 244, 110 A. 468. There are circumstances under which an agreement can be rescinded or performance waived by act of the parties (*Gibula v. Sause*, 173 Md. 87, 194 A. 826), but they do not exist here. Furthermore, there had been a payment of $50 made on account of the purchase money. If the contract had been abandoned, this payment should have been returned, but the money was not returned, and the weight of the testimony is that the check given by Loughran to Ramsburg was paid.

The question of laches, based upon the delay in making the conveyance and the provision in the contract that the property should be conveyed within a period of thirty days from the date of the agreement, and that time was of the essence of the agreement, presents the more difficult problem. The delay in the first instance was caused by the failure of the surveyor to establish the fourth line, and to ascertain and lay off the three acres, but there seems to have been no objection to the surveyor making a second effort at establishing this acreage, and he proceeded to do so. Shortly thereafter, Mr. Paul H. Loughran became ill but, before and after he died, negotiations were continued with a view to arrive at a consummation of the matter. Mr. Jerome A. Loughran,

brother of the deceased, his attorney during his lifetime, and the executor of his will, stated, "My brother was in the hospital; I told Mr. Ramsburg and I told Mr. Seibert, rather than drag him into court in the condition he was in * * * I would settle the case for $100.00 to get rid of it. That was my conversation. I did not want to bring him into court if I could settle it for $100.00 or so." He further said that his brother being in the hospital had a great deal to do with the postponement of the case while he was handling it with Mr. Seibert. Mr. Seibert was the attorney for Mr. Ramsburg at the time of the institution of this suit, on October 20th, 1932. Prior thereto, negotiations were in progress for the consummation of the contract, and, according to Ramsburg's testimony, they were still negotiating a settlement of this matter, and after this suit was brought, Mr. Loughran, the executor, promised him that, as soon as the term of court was concluded, he would settle the matter. It would, therefore, appear from the testimony that the delays were no more the fault of one than the other, and that there was not a definite understanding or agreement to terminate the contract. It is undisputed that Mr. Ramsburg caused to be executed a deed in which the mortgagee of the property joined and in which the property surveyed, containing three acres of land, was proffered to Mr. Loughran but was not received by him, nor was the property paid for in full. We conclude on this point that the negotiations that were continuing, after the lapse of thirty days, the illness of the purchaser, finally resulting in death, and other circumstances related in the case, contributed equally to the delays. Furthermore, with regard to the question of laches, all the facts and circumstances must be taken into account in conjunction with the lapse of time, and the circumstances must prejudice the rights of the adverse parties. We do not find that the appellant or his decedent were prejudiced by the delay in consummating the contract. The effect of laches, as a bar to a suit in a court of equity, has been fully discussed by Chief Judge Mc-

Sherry, in *Demuth v. Old Town Bank*, 85 Md. 315, 326, 37 A. 266. See, also, *Labanowski v. Baltimore*, 168 Md. 127, 176 A. 615; *Roberto v. Catino*, 140 Md. 38, 116 A. 873. The defense of laches will not be applied where both parties are guilty of laches. 21 *C. J.* page 16; *Lipsitz v. Parr*, 164 Md. 222, 227, 164 A. 743.

The contract here involved is for the sale of real property and is within the statute of frauds, and cannot be legally terminated, after the contract has been executed in part by the payment of the purchase price, or any part thereof, unless the parties are completely restored to their former position, and the contract is actually rescinded or abandoned. 27 *C. J.* page 201, section 150. And the proof must be clear and positive in order to establish the rescission, cancellation, or abandonment of the agreement. *Spellman v. Dundalk Co.* and *Gibula v. Sause, supra.* We do not believe that the testimony in this case satisfies these requirements and, therefore, the decree of the court will be affirmed.

> *Decree affirmed, costs to be paid by the appellant.*