JACOB HAMBURGER *vs.* ANN ELIZA PAUL.

*Authority of an Agent—Where a Compromise made by an Agent through an Attorney is not Binding on the Principal—Confirmation of an Agent's Acts—Statute of Limitations.*

A promissory note belonging to the appellee was placed in an agent's hands solely for the purpose of carrying it to an attorney to have suit brought upon it against the appellant. Suit was accordingly brought; and afterwards by the advice and with the assent of the attorney, the agent compromised the claim with the appellant, and took his note for the amount of the settlement; which note was paid to the appellee, who, the proof showed, received the amount as a payment on account, but without knowledge of its being in settlement of her claim. The proof further showed an absence of authority from the appellee to either her agent or the attorney to make the alleged compromise with the appellant. HELD:

1st. That the alleged settlement was not binding upon the appellee.

2nd. That the appellee could not be required to return the amount received by her, which should be regarded as a payment of a part of the money actually due by the appellant to the appellee in the suit then pending.

An attorney without express authority to do so, has no power to compromise claims of his client by taking a bond or anything except money in satisfaction of them, or by receiving a less sum or any security for a less sum than is due on them.

The confirmation of the acts of another, if established by the proof in the case, will render them quite as binding as if they had been done in the exercise of a specially delegated authority.

The Statute of Limitations does not apply to a suit instituted on a note within a year after its maturity, and in which suit an amended declaration was filed more than three years after its maturity.

APPEAL from the Circuit Court for Howard County.

This suit was instituted by the appellee against the appellant, in the Superior Court of Baltimore City, on the 18th October, 1874, and removed to the Circuit Court for

Howard County, the record having been filed in the latter Court on the 16th August, 1877.

At the January Term, 1877, of the Superior Court, an amended declaration was filed in the cause, all the counts of which, excepting the fourth, were omitted from the record by consent, and which said fourth count is as follows, to wit: *Fourth.* And for that the Merrimac Perpetual Building Association, No. 1, of Baltimore City, a body corporate, duly incorporated on the 27th December, 1872, by its promissory note now overdue, promised to pay to a certain G. J. Hild, or order, one thousand dollars, with interest twelve months after date, payable at Number 175 North Gay Street, and the said G. J. Hild endorsed the said note to the defendant, who endorsed the same to the plaintiff, and the said note was duly presented for payment at Number 175 North Gay Street, and was dishonored, whereof the defendant had due notice, but did not pay the same. The defendant pleaded the usual short pleas of *non assumpsit,* and that before the action, he satisfied and discharged the plaintiff's claim by payment, and for a fourth plea, that the alleged cause of action did not accrue within three years before the suit. The cause was submitted to and tried before the Circuit Court for Howard County. The case is further stated in the opinion of the Court.

*Exception.*—At the trial the plaintiff offered the following prayers:

1. If the Court (acting as and in the capacity of the jury upon the evidence,) find that the promissory note offered in evidence, was made, executed and issued by the Merrimac Perpetual Building Association, No. 1, and made payable to G. J. Hild, and that the same was endorsed by said Hild, and subsequently endorsed for value by the defendant to the plaintiff, and that the said note was not paid by the maker at maturity, and the same was protested as shown in the evidence, and notice thereof given

to the said Hamburger, as set out in the protest in evidence, that the plaintiff is entitled to recover the amount of said note, or so much thereof as the Court may find from the evidence remains now due and unpaid, with such interest thereon as the Court may think proper to be allowed.

2. If the Court find that the defendant was, prior to its maturity, the holder of the promissory note offered in evidence, and that by endorsement in writing, before maturity, thereon, he transferred the same for value to the plaintiff, and that the same was not paid by the Merrimac Perpetual Building Association, the maker, and that the said note was protested, and that the defendant had notice of the non-payment and protest thereof, as stated in the evidence, then the plaintiff is entitled under the evidence in the cause, to recover so much of the said note as the Court may find remains unpaid, with such interest as the Court may think proper to allow.

3. That the evidence of the attorney be excluded as to all conversations had with Mr. Negengard, in reference to the suit then in the attorney's hands, or the settlement thereof.

4. That as matter of law, the attorney, had no authority to compromise the suit then in his hands, by receiving any sum less than the total amount thereof, and that there is no evidence to show that he ever received any authority from the plaintiff to make the settlement alleged to have been made.

5. That there is no legally sufficient evidence in the case, to authorize the Court sitting as a jury, to find that the note for $250 was received by Mrs. Paul in full settlement of the case.

6. If the Court, sitting as a jury, find that Mrs. Paul never authorized Mr. Negengard to accept less than $1000 in full settlement, and that she received the $250 note only as part payment of that sum, and so understood it at the time, then she is not bound by any settlement made by

said Negengard, for a less amount, even if they should find such settlement to have been actually made, and they cannot presume a ratification of such settlement, from the mere fact that she received the money on the $250 note, and retained it.

7. If the Court should find that the settlement, (if they should find that one was made,) was not to be completed until the costs were paid by each side respectively, and the order of satisfaction entered, and that defendant's costs never have been paid, then said settlement is not binding on the plaintiff.

And the defendant offered the following prayers:

1. If the Court find that the plaintiff gave the promissory note in question to one Negengard, as her agent, to collect or have the same collected, and the said Negengard gave the note to an attorney at law for collection, with her knowledge and consent, and that suit was brought thereon by the said attorney in the Superior Court of Baltimore City, against the defendant, and that pending said suit the said Negengard, by and with the advice of his said counsel, settled said case, and that in accordance with said settlement, said Negengard did, on the 26th of April, 1875, receive the note for $250, of the 21st April, 1875, payable in five months to the order of the plaintiff, in full settlement of the claim against the defendant, and that said note was paid by the defendant at its maturity, then the plaintiff is not entitled to recover.

2. If the Court find the facts set forth in the first prayer, and find the further fact that the plaintiff has retained, and still retains the $250 paid by the defendant in accordance with the settlement of the claim by Negengard, she is not entitled to recover, notwithstanding the fact that the Court may find that said plaintiff did not authorize such a settlement.

3. If the Court find that the amended declaration was not filed within the time allowed by law, then the fourth

plea of the defendant is good, and the plaintiff is not enti-
tled to recover.

The Court, (MILLER and HAMMOND, J.) granted the plain-
tiff's first, second, fourth, fifth and sixth, and rejected her
third and seventh prayers, and all the defendant's prayers.
The defendant excepted.

The finding and judgment of the Court were given on
27th July, 1878, in favor of the plaintiff for $812.88 with
interest from date and costs, and the defendant appealed.

The cause was argued before BARTOL, C. J., BOWIE,
BRENT, ALVEY and ROBINSON, J.

*Fielder C. Slingluff,* for the appellant.

The compromise was not made by the attorney in the
case. It was made by the agent, by the advice of his
attorney. The case is different from *Maddux vs. Bevan,*
39 *Md.,* 485, where the settlement was made by the attor-
ney.

The question raised by the first prayer of the appellant
is this: Has an agent employed by a principal to have a
note collected, the power, after suit brought, to compro-
mise said suit, by taking less than the face of the note?

A case almost identical in point is *Barclay vs. Hopkins,*
*Georgia Supreme Court, August Term,* 1877, reported in the
*Reporter for June 5th,* 1878, *Vol.* 5, *No.* 23, where the
Court says: "Did the power to place the note in the hands
of an attorney for collection, also give the agent the power
to contract as to the terms of the collection? We think
it did." In this case the agent settled the promissory note
for its face, deducting the interest, and the lawyer col-
lected the money and paid it to the agent. The principal
sought to repudiate the act of his agent, but the Court
would not permit him.

If the case had been entered satisfied by the attorney
when the $250 were paid, there certainly could have been

no further suit against the appellant, as against the plea of *res adjudicata.* If the agent or the attorney exceeded their authority, the principal had his redress against them. Here, instead of looking to them, she seeks to hold the appellant.

The appellee claims that her agent advised her that the payment of the $250 was only on account; but her attorney says when she came to get her dividend from him as receiver of the association, "she complained about its size, and wanted him to compel Hamburger to pay the balance. *He told her the case against Hamburger had been settled,* and he would do nothing of the kind."

Now, when she was thus informed by her own attorney, of the disposition of the case against Hamburger, she had one of two things to do—either to repudiate the settlement, if unauthorized, or ratify it. What did she do? She held on to the $250, and still holds on to them. Could there be a more emphatic ratification in law or in fact than this? She then employs new counsel to push the suit for the balance. She thus has the double advantage of the appellant. If she loses the case she still has the benefit of the compromise in her pocket, which she is repudiating by pressing the suit.

The appellant cited: *Story on Agency,* secs. 244, 253, 254, 255, 255a, 99; *Chitty on Contracts,* 219; 1 *Parsons on Contracts,* 44, 46, 51, 438; 10 *Paige Chancery Reports,* 130; *Newell vs. Hurlburt,* 2 *Vt.,* 352; *Evans vs. Willis,* 22 *Wendell,* 325; 2 *Smith's Leading Cases,* 133; 1 *Hare & Wallace's Leading Cases,* 719.

*Richard Hamilton* and *J. Thomas Jones,* for the appellee.

The appellee will contend that the judgment below should be affirmed: .

1. Because the settlement alleged and urged as a defence in this action, if made at all, was made (as appears from the evidence,) by the attorney in the suit below, not

for money, and for less than the amount of the claim, and without the express authority of his principal, (the appellee,) which he was not competent to do. *Maddux vs. Bevan*, 39 *Md.*, 485.

2. Even if the appellee in person, or by direct and express authority, had made the alleged settlement, the same would not be binding upon her, because of its being the acceptance of a less amount than her whole claim, in satisfaction of the whole, without any new and superadded consideration, and without her release under seal. *Jones vs. Ricketts*, 7 *Md.*, 108; *Campbell, Trustee vs. Booth*, 8 *Md.*, 107.

3. The settlement, which is alleged, would require that the person making the same should have the distinct and express authority of the principal, before any acts or declarations of his could bind the principal; and such, authority ought first to be shown, before such acts and declarations can be evidence to bind the principal. In this case the party (Negengard) is the only one with whom it is pretended, in appellant's testimony, any negotiations were directly carried on in regard to the alleged settlement, or who directly assented to or sanctioned the settlement; and there is not in the whole of appellant's testimony a *scintilla* of evidence as to any authority he had for any such purpose; and on the part of the appellee, such authority is distinctly denied and repudiated. *Rosenstock vs. Tormey*, 32 *Md.*, 169.

4. There has been no acquiescence on the part of the appellee to support the theory of the first and second prayers of the appellant. Because she repudiated the alleged settlement as soon as informed of it, as shown by the evidence on both sides, and the retention of the $250 (part payment) is not such acquiescence.

BRENT, J. delivered the opinion of the Court.

The defence set up, by the appellant to this action, is a compromise made between the parties during its pendency.

The cause of action is a note of the Merrimac Perpetual Building Association, endorsed by the appellant for value to the appellee prior to its maturity. The note is for $1000, and the alleged compromise was a note of the appellant for $250 which it is claimed was taken in full satisfaction of the debt. This note was paid at maturity, but no entry of satisfaction was made in the suit then pending for the note of $1000, nor is there any entry in regard to the alleged compromise.

The note sued upon was brought to an attorney by Mr. Negengard, who is since dead, with instructions from the appellee to bring suit upon it. Suit was accordingly instituted against the appellant, but some doubt existing before the decision of the Court of Appeals, of *Jackson vs. Myers*, 43 *Md.*, 452, as to the liability of an endorser upon a note of this description, the attorney, who brought the suit, afterward saw Mr. Negengard, and advised a compromise. Through him and with the assent of the attorney, it is alleged, that an arrangement was made with the appellant to take his note at a short date for $250, and that this when paid should be in full of the appellee's claim against him.

There is no pretence that any special authority was given to the attorney to make any such arrangement. The case of *Maddux vs. Bevan and others*, 39 *Md.*, 485, conclusively establishes that an attorney, without express authority to do so, has no power to compromise claims of his client by taking a bond or any thing except money in satisfaction of them, or by receiving a less sum or any security for a less sum than is due on them.

If therefore there is any effective compromise binding upon the appellee, it must be worked out through the agency of Negengard.

The uncontradicted proof in the case is, that the appellee knew nothing of any compromise until she was informed of it by her counsel, which was some time after

the death of Negengard. Not receiving as large a dividend as she expected, from the effects of the Building Association which was insolvent, she requested her attorney to press her case against the appellant to final judgment. He then informed her of the alleged compromise, and refused to do so. She expressed her surprise and ignorance of any such arrangement and employed without delay other counsel to proceed with the case.

The authority of Negengard, to make the compromise, must depend upon the extent of the control conferred upon him as agent, over the note.

Upon this point the evidence is also uncontradicted. The note was placed in his hands solely for the purpose of carrying it to an attorney to have suit brought upon it. He was not and never acted as the general agent of the appellee. So soon, therefore, as the note was placed in the hands of an attorney for suit his power as agent in the transaction finally ceased. In this respect the case differs from that, cited by the appellant's counsel, of *Barclay vs. Hopkins*, decided by the Supreme Court of Georgia, and found reported in the *Law Reporter of June 5th*, 1878. There the note was placed in the hands of the agent for collection; while in this case it was given to Negengard for the purpose alone of handing it to an attorney to bring suit, and of course to prosecute it to final judgment. So that even if we felt justified in adopting the doctrine announced in *Barclay vs. Hopkins*, it is inapplicable to the present case.

The proof showing an entire absence of any authority from the appellee to either her attorney or Negengard to make the alleged settlement with the appellant, it is clearly not binding upon her.

But it is argued, that the appellee by receiving and retaining the $250, has ratified and confirmed the settlement made by these parties. The confirmation of the acts of another, if established by the proof in the case, will no

doubt render them quite as binding as if they had been done in the exercise of a specially delegated authority. But here the receipt of the $250 cannot be construed as a confirmatory act. The appellee proves that she was utterly ignorant of the settlement now attempted to be set up, and that she never would have assented to it; that this money was represented to her as being the supposed difference merely between the dividend which the building association, then in the hands of receivers would pay, and the amount of her claim sued upon, and that if the dividend turned out to be less than the difference, the appellant was to make it up, or if it was more, he was to have the overplus returned.

The receipt of the money with this understanding on the part of the appellee, cannot certainly be construed into an assent on her part, that it was received in full payment of her claim.

Her subsequent conduct corroborates this part of her testimony. She delayed until the dividends of the building association were paid, and finding them far short of covering the balance of her claim, she demanded that her suit against the appellant should be proceeded with for the recovery of the sum still remaining due.

A number of cases are cited by the appellant's counsel to sustain the doctrine, that a party cannot repudiate a settlement or compromise, and at the same time retain the benefits or securities derived from it. They are all cases in which some additional security had been received, and are therefore inapplicable to a case like the one now under consideration. Here no additional security was given or received. It was but the payment of a part of the money actually due by the appellant to the appellee. To require the appellee to return it, when she had the undoubted right to recover it in her present suit which was then pending, or take the alternative of affirming a compromise which she never authorized, cannot have the sanction of

law. No authority has been cited announcing such a rule, and we are satisfied none such can be found.

These views are applicable to the several prayers of the plaintiff and the defendant; with the exception of the third prayer of the defendant, and we think the action of the Circuit Court upon them is without error.

The third prayer of the defendant is in regard to the plea of limitations. The exception to the rejection of this prayer was not argued by the appellant's counsel, and we may infer it was abandoned. It's refusal by the Court was undoubtedly right, as the Statute was clearly no bar to the suit.

As we have found no error in the instructions of the Court, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 26th March, 1879.)