JOHN G. KRAFT and P. FORNEY WINEBRENNER *vs.*
CHARLES E. EGAN.

*Specific performance of Written contract—Admissibility of
Parol evidence to show Mistake.*

On a bill for the specific performance of a written contract by
which the defendant agreed to pay $27,500 for certain land
which was subject to a ground rent of $600 a year, the defendant
may show by parol evidence that the written agreement did not
correctly state the contract between the parties, which was that
the land should be free and clear of all incumbrances, and that
he informed the plaintiffs of this mistake as soon as it was dis-
covered, which was about two hours after the execution of the
written agreement.

A mistake in the written contract being clearly shown, its specific
performance will not be decreed.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from a *pro forma* decree of the
lower Court (DENNIS J.,) dismissing the bill of com-
plaint, with costs to the defendant. The case is stated
in the opinion of this Court.

The cause was argued before ROBINSON, BRYAN, FOW-
LER, ROBERTS, MCSHERRY, and BRISCOE, J.

*John Hinkley,* and *Edward Otis Hinkley,* for the appel-
lants.

The agreement for the sale of the land in this case
being in writing, and being signed by the party to be
charged therewith, it is not lawful under the Statute of
Frauds to adduce oral testimony to show any other
agreement than that which was signed, unless there was
some fraud or mistake chargeable on the plaintiffs.

Kraft and Winebrenner *vs.* Egan.

Conversation, whether before, after, or at the time of a written agreement, cannot be admitted. *Story's Eq. Jur.*, secs. 151 *to* 158; 1 *Greenleaf on Evidence*, sec. 275; *Brantly on Contracts*, 175; *Warren Glass Works Co. vs. Keystone Coal Co.*, 65 *Md.*, 550, 551; *Bladen vs. Wells and Wife*, 30 *Md.*, 577; *Lazear vs. Nat'l Union Bank*, 52 *Md.*, 119; *Dance vs. Dance*, 56 *Md.*, 438; *Wooldridge vs. Royer*, 69 *Md.*, 115; *Penniman vs. Winner*, 54 *Md.*, 133; *Young vs. Frost*, 5 *Gill*, 313, 314; *Dixon vs. Clayville, Adm'x*, 44 *Md.*, 578.

There is no evidence whatever in this case of any fraud or mistake chargeable on the plaintiffs, so as to render the agreement void, or to authorize the defendant to refuse to perform it, or even to ask to re-form it.

The most favorable statement that can be made of the defendant's case amounts only to this: A misunderstanding by the vendee of the contents of an agreement for sale of land, first explained to the draughtsman in his presence, and then read aloud in his presence when drawn, and then signed; which misunderstanding on his part was unknown to the vendors.

A mistake by one party to an agreement cannot be corrected. It must be shown that it was made by both. *Atlantic, &c., Coal Co. vs. Md. Coal Co.*, 62 *Md.*, 142; *Farmville, &c., Co. vs. Butler*, 55 *Md.*, 237; *Mendenhall vs. Steckel*, 47 *Md.*, 465; *Groff, et al. vs. Rohrer*, 35 *Md.*, 333; *Wood vs. Patterson*, 4 *Md. Ch. Dec.*, 339; *Wesley vs. Thomas*, 6 *H. & J.*, 27; *Watkins vs. Stockett*, 6 *H. & J.*, 441; *Dulany, et al., Ex'rs vs. Rogers*, 50 *Md.*, 525; *Nevius vs. Dunlap*, 33 *N. Y.*, 680; *Waterman on Specific Performance*, sec. 493.

Inadequacy of price alone, unless so great as to shock the conscience of the Court, and to furnish a certain indication of fraud, is not sufficient to prevent a decree for specific performance in case of a written agreement for sale of land. *Young vs. Frost, et al.*, 5 *Gill*, 313;

*Shepherd vs. Bevin*, 9 *Gill*, 39; *Stewart vs. State*, 2 *H. & G.*, 119.

Specific performance of a fair, certain contract, respecting realty, is as much a matter of course as damages at law. *Popplein, et al. vs. Foley*, 61 *Md.*, 385; *Brewer vs. Herbert*, 30 *Md.*, 312; *Cochran and Wife vs. Pascault and Wife*, 54 *Md.*, 18; *Smoot, et al. vs. Rea & Andrews*, 19 *Md.*, 405.

*Louis B. Bernei*, and *Edgar H. Gans*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The first appeal in this case is reported in 76 Md., 243. It was a bill filed for the specific performance of a contract for the sale of land and improvements. On that appeal we held the contract to be sufficiently certain in description, and that the rent was a sub-rent. Afterwards the appellee Egan, answered the bill, alleging that the written agreement did not correctly state the contract between the parties; that the complainants were to sell the whole fee simple for $27,500, and not subject to a ground rent of $600 a year; and that the contract had been signed by mistake.

The following clause of the agreement is the one about which the controversy arose:

"Witnesseth that Kraft and Winebrenner have sold to said Egan all their land, and improvements thereon, together with the boiler and elevator, on the east side of Belt Street, * * * * which is subject to a ground rent of $600 a year.

"The terms of sale are twenty-seven thousand, five hundred dollars for said property, of which the sum of one hundred dollars has been paid this day, and thirty-nine or forty-nine hundred dollars more, making say four thousand dollars, or five thousand dollars, shall be paid within thirty-days from this date, and the balance

within five years from the first day of May, 1891, with interest semi-annually from that date.''

The principal questions in the case relate to the admissibility of parol evidence in defence, in suits for a specific performance.

''It is a well established rule that in suits for the specific performance of agreements, even when written, the defendant may, by means of parol evidence, show that through the mistake of both or either of the parties, the writing does not express the real agreement, or that the agreement itself was entered into through a mistake as to its subject-matter, or as to its terms. In short, a Court of equity will not grant its affirmative remedy to compel the defendant to perform a contract which he did not intend to make, or which he would not have entered into had its true effect been understood.'' 2 *Pom. Eq. Jur.*, sec. 860.

And this rule has been sanctioned by this Court in many cases. *Philpott vs. Elliott*, 4 *Md. Chan. Dec.*, 273; *Moale vs. Buchanan*, 11 *G. & J.*, 314; *Popplein vs. Foley*, 61 *Md.*, 381; *Bond, Adm'r vs. Dorsey, et al.*, 65 *Md.*, 310.

It is also true that grounds of defence are open, in resisting the application for a specific performance, which would not avail a plaintiff seeking the aid of a Court of equity to enforce the performance of a contract. *Waters vs. Howard*, 1 *Md. Chan. Dec.*, 112; *Gough vs. Crane*, 3 *Md. Chan. Dec.*, 119.

And in the case of *Dulany, et al., Ex'rs vs. Rogers*, 50 *Md.*, 533, this Court held that Courts will not rectify a contract unless it was executed under a common mistake, —both parties having done that which neither of them intended,—yet a mistake on one side may be ground for rescinding the contract. What then, are the facts, as disclosed by the record, upon which this appellee relies in resisting the enforcement of this contract ?

The witness Kieran Egan, the father of the appellee, who made the first negotiation for the property, testified that Kraft one of the appellants first offered him the property in fee simple for $30,000, and that he offered $25,000, but afterwards agreed to pay $27,500 in fee simple; that the ground rent, which was valued at $10,000, was to come out of the $27,500.

Charles E. Egan, the defendant, testified that on the day the agreement was made and signed, Kraft agreed to accept $27,500 for the property, free and clear of all encumbrances; that the agreement was read over to him rapidly, and that he thought he had signed a contract for $27,500, instead of the one he did sign; that he informed the appellants of this mistake as soon as it was discovered, which was about two hours after the execution of the paper. And his testimony in relation to the discovery of the mistake, and the notice to the appellant Kraft, is corroborated by his book-keeper, Hanzsche, and not denied by the appellants. In addition to this, Messrs. Grahame and Morton, real estate brokers, each testified, that the property was not worth over $25,000 in fee.

It thus appears that the appellee has fully shown that the written agreement does not express the final intention of the parties, and that it was executed by mistake on the part of the appellee.

The interposition of a Court of equity, in granting relief by the enforcement of the specific performance of a contract, is not a matter *ex debito justitiæ;* but to warrant it, the terms thereof must be fair, and it must be founded on an adequate consideration, and be made under circumstances commending it to the favorable consideration of the Court. The contract must not only be mutual and equal in all its parts, but there should be no circumstances of suspicion as to its *bona fides.* *Semmes vs. Worthington, et al.,* 38 *Md.,* 298; *Purcell vs. Miner,* 4 *Wall.,* 517.

Kraft and Winebrenner *vs.* Egan.

In every case the question must be whether the exercise of the power of the Court is demanded to subserve the ends of justice, and unless the Court is satisfied that it is right in every respect it refuses to interfere. *Geiger vs. Green*, 4 *Gill*, 472; *Waters vs. Howard*, 8 *Gill*, 262.

In *Webster vs. Cecil*, 30 *Beav.*, 62, the defendant had, by letter, offered to sell property to the plaintiff for $1,250, and the plaintiff had accepted. A mistake had been made by writing $1,250 for $2,250 and notice was immediately given of the error. Upon a bill for a specific performance the Court refused to interfere.

Without, therefore, entering further into the details of the evidence we are not satisfied that the agreement contains the real intention and understanding of the parties at the time of its execution.

Manifestly, to enforce it would work a hardship and an injustice to the appellee. It would require him to pay $37,500, for property which is shown not to be worth over $25,000, and enforce a contract which he never, in fact, intended to assent to. The testimony on the part of the appellee to establish this mistake was admissible for the purpose; and for the reasons we have assigned, the order appealed from will be affirmed, and the bill be dismissed, with costs to to the appellee.

> *Order affirmed, and*
> *bill dismissed, with*
> *costs to the appellee.*

(Decided 21st June, 1893.)