# BARNEY ABRAMS

*vs.*

## CURVEN W. ECKENRODE AND VERA C. ECKENRODE, His Wife.

*Modification of Contract—Statute of Frauds—Sale of Wife's Property—Authority of Husband.*

Specific performance of a contract of sale, in which time was expressly stated to be of the essence of the contract, will not be decreed in favor of the purchaser, who failed to perform within the time named, except upon proof that the original limitation of time was effectually extended by the vendors or their authorized representative.                                    p. 247

Where a contract is such as is required by the Statute of Frauds to be in writing, an agreement modifying its provisions cannot be proved by parol.                                    p. 247

A memorandum in writing is sufficient within the Statute of Frauds if signed by an agent of the vendors in pursuance of authority conferred orally.                                    p. 247

A letter signed by the vendor's representative notifying the vendee's counsel that the vendor would not hold the sale open after a date named may be treated as an agreement to extend to that date the time for the payment of the price.        p. 248

A letter signed by the vendor's representative, dated February 27th, and informing the vendee's counsel that he had notified the vendor to be prepared for a settlement on March 4th, can hardly be regarded as proof of an authorized agreement for an extension to that date of the time for payment, in view of such representative's testimony that before writing it he was told by his principal that "he would have to have a settlement within the next day or two."                                    p. 248

The employment of an attorney to prepare a contract for the sale of land, or to attend to its fulfilment, does not in itself invest such attorney with authority to modify the contract as to any of its terms.                                    p. 248

Syllabus.

The interests of tenants by the entireties being co-extensive, both are essential parties to an effective transfer of the title, or contract for such transfer.                                                    p. 249

The husband is not, by the mere fact of the marital relationship, constituted the agent of the wife as to her property interests, and without her consent, express or implied, he cannot contract for the sale of her property or alter the terms of an agreement of that nature into which she has entered in her own right.                                                    p. 249

*Decided March 16th, 1920.*

Appeal from the Circuit Court of Baltimore City (GOR-TER, J.).

The cause was argued before BOYD, C. J., THOMAS, URNER, STOCKBRIDGE and ADKINS, JJ.

*Abram C. Joseph,* with whom was *Daniel C. Joseph* on the brief, for the appellant.

*J. Abner Sayler,* for the appellees, submitted the cause on brief.

URNER, J. delivered the opinion of the Court.

The appellees, Curven W. Eckenrode and Vera C. Eckenrode, his wife, being the owners, as tenants by the entireties, of a lot of ground improved with a dwelling house, on West Lafayette Avenue, in Baltimore City, agreed in writing on January 13, 1919, to sell the property to the appellant, Barney Abrams, for the sum of $1,400. The contract of sale recited that $50 of the purchase price had already been paid, and provided for the payment of the balance within thirty days of the date of the agreement, and stipulated that upon such payment being made a deed for the property should be executed by the vendors at the vendee's expense conveying a good and marketable title. It was expressly agreed that time

was of the essence of the contract. The vendee did not pay the balance of the purchase money within the time specified, but offered about three weeks after the expiration of the thirty day period to make the payment and close the transaction. The vendors then declined to make the conveyance, and proposed to return the sum paid on account of the purchase. It is claimed by the vendee that the time limit for the payment was duly extended by counsel for the vendors, and upon that theory the pending bill was filed for the purpose of having the contract of sale specifically enforced. It was denied in the answer that any extension of the time had been authorized. The appeal is from a decree dismissing the bill of complaint.

The plaintiff testified that a few days after the agreement was executed he gave it to his counsel, Mr. Joseph, and asked him to examine the title and attend to the details of the settlement. The testimony of Mr. Joseph was to the effect that he was unable to give the matter immediate attention, but when he investigated the title he found certain conditions which caused him to ask that it be guaranteed by the Title Guaranty and Trust Company. This request was made of Mr. Mason, the attorney who had prepared the agreement of sale at the instance of Mr. Eckenrode, one of the vendors. The latter attorney stated that "he would take the matter up with his client," and later reported that "they were satisfied to have the Title Company guarantee the title, but that they would not pay any of the costs of the guarantee." Mr. Joseph agreed that his client would pay the costs and arranged for having the title insured. Subsequently a letter, dated February 25th, was written by Mr. Mason to Mr. Joseph stating that Mr. Eckenrode would "not hold open the sale of the property" after February 27th. Upon finding that the Title Company would not be ready by that time to insure the title, Mr. Joseph obtained Mr. Mason's consent to "wait a little longer." On February 27th Mr. Mason wrote Mr. Joseph that he had notified Mr. Eckenrode "to be pre-

pared to put through the settlement of the property" on the following Tuesday, March 4th. The Title Company was ready by that date to guarantee the title and the vendee appeared at the office of his counsel for the purpose of consummating the purchase, but Mr. Mason gave notice that the vendors refused to convey the property.

Testifying as a witness called by the plaintiff, Mr. Mason said that he prepared the contract of sale at the request of Mr. Eckenrode, that having been asked by Mr. Joseph for more time, on account of some question as to the construction of a will affecting the title, he explained the matter to Mr. Eckenrode and was authorized by him to grant an extension of time beyond the thirty days. The letters referred to were written, he said, in pursuance of such authority.

The defendants both denied that they ever agreed, or authorized Mr. Mason to agree on their behalf, to modify the stipulation that the balance of the purchase money should be paid and the transaction closed within thirty days after the contract was executed. Mr. Eckenrode testified that he engaged Mr. Mason specifically for the preparation of the agreement and never employed him for any other purpose, while Mrs. Eckenrode stated that she never met Mr. Mason and did not authorize him or her husband to agree that the time limit fixed by the contract should be extended.

The object of this suit being to enforce the performance by the vendors of an agreement of sale in which the time limited for the payment of the purchase price is expressly stated to be of the essense of the contract, the purchaser is not entitled to a decree in his favor except upon proof that the original limitation of time, which he admittedly exceeded, was effectually waived or extended by the vendors or their authorized representative. *Acme Building Co.* v. *Mitchell*, 129 Md. 406; *Coleman* v. *Applegarth*, 68 Md. 28. As the contract was required by the Statute of Frauds to be in writing, an agreement modifying its provisions, such as the bill alleges, could not be proved by parol. *Walter* v. *Bloede Co.*, 94 Md. 80; *Coe's Ed. Alexander's British Statutes*, Vol. 2,

pages 737-9; 25 *R. C. L.* 709. A memorandum in writing
was necessary to accomplish that result. Such a memoran-
dum would be sufficient for the purpose if signed by the agent
of the vendors in pursuance of authority conferred orally.
*Moore* v. *Taylor*, 81 Md. 644. But the extent of the change
in the contract of sale must be measured by the terms of the
supplemental writing and not by any oral statement on the
subject.

The letters of February 25th and 27th from Mr. Mason
to Mr. Joseph are relied upon as competent and adequate
proof of an extension of the time of payment to the date on
which the plaintiff was ready to comply with the terms of the
sale. The evidence may be assumed to justify the conclu-
sion that Mr. Mason was orally authorized by one of the
vendors to extend the time, and the letter of February 25th
notifying Mr. Joseph that Mr. Eckenrode would not hold the
sale open after the 27th may be treated as an agreement to
extend the time to that date. But the letter of February
27th, in which Mr. Mason informed counsel for the vendee
that he had notified Mr. Eckenrode to be prepared for a
settlement on March 4th, could hardly be held to be proof of
an authorized agreement for a further extension to that time
in view of Mr. Mason's testimony that before he wrote the
letter of February 27th he was told by Mr. Eckenrode that
"he would have to have a settlement within the next day or
two." The employment of an attorney to prepare the con-
tract of sale, or to attend to its fulfillment, did not in itself
invest the person engaged for such a service with real or im-
plied authority to modify the agreement as to any of its
terms. 6 *C. J.* 657, 659; *Hamburger* v. *Paul*, 51 Md. 226;
*Howard* v. *Carpenter*, 11 Md. 281; *Horsey* v. *Chew*, 65 Md.
559; *Fritchey* v. *Bosley*, 56 Md. 97; *Maddux* v. *Bevan*, 39
Md. 485; *Lyon* v. *Hines*, 91 Md. 411.

If, however, there could be no doubt upon the evidence that
the time of payment had been validly extended to March 4th
by an agreement in writing authorized by Mr. Eckenrode

and binding upon him as one of the vendors, we are unable to find in the record sufficient ground for a similar conclusion in regard to the other vendor, whose rights are equally substantial. The interest of Mrs. Eckenrode in the property was co-extensive with that of her husband. They had equal capacity to contract and both were essential parties to an effective transfer of the title. The husband was not constituted the agent of his wife as to her property interests by the mere fact of their marital relationship. 13 *R. C. L.* 1168; *Hartman* v. *Thompson,* 104 Md. 408. Without her consent, express or implied, he could not contract for the sale of her property or alter the terms of an agreement of that nature into which she had entered in her own right. The evidence fails to prove that Mrs. Eckenrode agreed or assented to any change in the terms and effect of the contract for the sale of the property to which she held title as a tenant by the entireties. No reference is made to her in the letters relating to the extension of time upon which the plaintiff relies. There was no proof of any knowledge on her part of the proposal that the time be extended, nor does it appear that her husband assumed to act for her in consenting to the delay. The plaintiff was apparently content with the information he received that Mr. Eckenrode assented to the proposition that the agreement be thus modified. The need of securing the consent of his wife as a party having equally important interests under the contract appears not to have been considered.

In view of the conditions existing in this case it is evident that the right of the plaintiff to a decree for specific performance is not sufficiently clear, and that the difficulties in the way of such relief are too serious, to permit us to reach any other conclusion than that the decree dismissing the bill of complaint should be affirmed.

*Decree affirmed, with costs.*