# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 9, 1920.

ALBERT D. COVER
VS.
SIMON NEEDLE, ET AL.

*Horace T. Smith* and *H. Webster Smith* for plaintiff.

*James E. Tippett, Sidney Needle* and *J. M. Mullin* for defendants.

DAWKINS, J.—

It is sought in this case to set aside a sale of two pieces of property (214 and 216 North Holliday street) and to require the return of two thousand dollars ($2,000) made as a deposit on the same at an auction sale of the said property on the ground that the purchaser would not have bid for or bought it unless early possession could be gotten.

The material question to be determined is what announcements were made by the auctioneer before the sale of the property actually began as to the time of the expiration of the existing leases and if said announcements did not truly represent the fact of said expiration whether or not the variation from the correct period of termination of the leases was sufficiently material as to vacate the sale.

The plaintiff knew nothing about the prospective sale of the property until perhaps an hour or two before the sale took place on February 3, 1920. He was invited by the auctioneer to attend and bid as he could probably buy the property cheap. He declined to do any bidding until after he conferred with his friend and agent, Mr. White. Mr. White informed him if he could get possession of the property in a reasonable time he could handle it to advantage for him. The first question asked of the auctioneer before the bidding began, was, when possession could be given. The answer came, as the plaintiff and Mr. White say, that possession could be given of the first piece of property in about nine months. When the second lot was offered inquiry as to the expiration of the lease was answered by the statement that this was about the same as the first, to wit: Nine months or less than a year,—that both would expire in less than a year.

The leases filed in evidence indicate a termination as to No. 216 North Holliday street on January 31, 1921, and as to No. 214 North Holliday street on April 30, 1922. The former expiration is about one year from the date of sale and the latter expiration is over two years from the said sale. The plaintiff says he would not have bought the property unless he could get possession so that he could sell or

lease to advantage or failing to promptly sell it use it for his own business.

The lots were offered separately with the right reserved to offer them as an entirety. They were struck off as an entirety at a price considerably in advance of what the defendants had paid for them a short time before. They were more valuable to the plaintiff as an entirety; such was the way he intended to buy. The testimony clearly indicates he did so buy.

Whilst the plaintiff's witnesses are very clear and definite about the announcement made by the auctioneer, the defendants are not so clear in their statements and recollections. Among the witnesses for the defendants, Mr. Spector and Mr. Sidney Needle, the former having no special reason to recollect definitely a detail of a sale in which he was not directly interested—the latter being one of the defendants, seem especially clear, however, in their recollections in regard to the announcement made by the auctioneer. They both name one and a half years as the time of expiration of the longer lease, though the auctioneers say one year and three months as to one and one year and nine months as to the other. Other witnesses for the defendants fix other periods for expiration of the leases as announced by the auctioneers. There are considerable discrepancies as to just what was said by the auctioneers and by which one it was said. It is not unreasonable to assume that the defendants not having the definite knowledge about the leases were less apt to remember exactly than the purchaser who was basing his estimate of value on the expirations. There was apparently no intention on the part of the defendants to intentionally deceive an intending purchaser or to misrepresent the facts or perpetrate any actual fraud. In these times of rapid changes in real estate values and of rioting in prices the time of possession may be very material as alleged by the plaintiff. Innocent misrepresentations avoid contracts as well as deliberate ones. If it be clear that this plaintiff would not have bought had he have known that he could not get possession of one of the lots for over two years this becomes a very material matter for his investment for selling purposes, and even more material if he intended to occupy the property for his own business purposes. To wait for over two years for either purpose might defeat the very reason for buying. A misrepresentation, whether made with knowledge of its untruth or made inadvertently by mistake of one or both of the parties, if one has been prejudiced, the sale should not stand. There are numerous cases in Maryland in support of the principles above stated, such as 126 Md. 506, Coan vs. Cons. G. & E. Co.; 101 Md. 618, Tucker vs. Osborne; 44 Md. 247, Gunby vs. Sluter; 75 Md. 120, McShane vs. Hazelhurst; 78 Md. 36, Kraft vs. Egan.

Time for getting possession of property is very material. Whether mistaken or not, as to it, it is altogether material. The court will not grant its affirmative remedy to compel a person to perform a contract which he did not intend to perform or which he would not have entered into had its true effect been understood. If it was impossible to get possession at a certain date he should not be bound to take the property after discovering that he had to wait an additional year to get it.

"It scarcely needs a discussion to show that it would be exceedingly unjust to force upon a vendee who was mistaken in respect to a material element of the contract, the property which he never would have consented to purchase if he had not been thus mistaken."

101 Md. 519, Somervill vs. Coppage.

There is no doubt about inquiries having been made about the leases, and an answer given to such inquiries. There is also no doubt, too, that taking the recollections of any of the witnesses on either side as correct, no time was mentioned for expirations beyond one and one-half years, one witness did say one year and nine months, but it was denied by defendants' own witness that it was said when as a fact the real (of one) time was over two years. The defendant could have easily had the auctioneer say that he could give no definite information about the leases and sold without regard to them as he did not seem to have the definite information. The testimony shows that the plaintiff was amply able to pay for the property he bought for the reasons above stated. He asked about the leases for the reasons given. He bought the whole prop-

erty with a very definite intention. He understood the termination of the leases to be as stated and on the announcement that he heard, or thought he heard, bid. There is no evidence that he wished to avoid the compliance with the terms of purchases for any other reason. Save for these understandings he would not have bid. Immediately after the sale he continued to try to get definite information as to the leases without success. He did not "sleep at the switch," as suggested in the argument, but immediately tried to have the mistake righted as soon as discovered. Failing in this he brought his suit on March 18, 1920, about one month and a half after the sale.

Without prolonging the discussion the conclusion reached is that the relief prayed for in the bill should be granted and a decree will be signed in accordance with these views.