# J. FRANK FOX

*vs.*

# MARY FRAEBEL ET AL.

*Specific Performance—Lack of Mutuality—Tenancy by Entireties.*

Where husband and wife hold land by the entireties, a contract for the sale thereof, signed by the wife alone, is not enforcible against the husband.                    p. 55

The courts will not specifically enforce a contract which is lacking in mutuality of obligation, such as a contract of sale which is not binding on both plaintiff and defendants.     p. 57

*Decided January 11th, 1922.*

Appeal from the Circuit Court No. 2 of Baltimore City (STUMP, J.).

Bill by J. Frank Fox against Mary Fraebel, A. Edward Fraebel, her husband, and the Bradford Loan and Savings Association. From a decree dismissing the bill, plaintiff appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, TURNER, STOCKBRIDGE, and OFFUTT, JJ.

*J. Calvin Carney,* with whom were *C. Milton Dickerson* and *Dickerson & Nice* on the brief, for the appellant.

*George Arnold Frick,* with whom were *William I. Norris* and *F. F. Denhard* on the brief, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

On the 18th day of September, 1918, the Bradford Loan and Savings Association of Baltimore City, one of the de-

fendants in this case, agreed in writing to sell to one Joseph M. Green a certain lot of ground, with the improvements thereon, situate on the southwest corner of Twelfth and Fleet Streets, Baltimore City, and known as 600 South Twelfth Street, for the sum of eighteen hundred and twenty dollars, subject to an annual ground rent of fifty dollars.

The contract of sale is set out in the record, and it recites that the purchase price was to be paid in weekly installments, as stated therein, and it stipulated, upon payment of the balance due, it would execute to the purchaser at his costs and expense a deed for said property, subject to the ground rent mentioned therein. There were other covenants and stipulations, set out in the contract of sale, which will fully appear from the contract itself, but need not be further stated here.

On the 18th day of December, 1918, Joseph M. Green assigned and transferred to two of the defendants, A. Edward Fraebel and Maria Fraebel his wife, as tenants by the entireties, all of his right, title and interest in the alleged lease, and to the property mentioned therein, as follows:

"For value received, I hereby transfer, assign and set over unto Edward Fraebel and Maria Fraebel, his wife, as tenants by the entireties, all my right, title, and interest in and to the within agreement and the property mentioned therein. The said Edward Fraebel and wife on their part hereby accepting this agreement with all its clauses, conditions and covenants.

"As witness the hands and seals this 12th day of December, 1918, of the parties hereto.

      "Joseph M. Green.    (Seal)
      "Edward Fraebel.    (Seal)
      "Mary Fraebel.    (Seal)

Test:
    "Edna V. Schaeffer."

On June 16th, 1919, Mrs. Mary Fraebel, alone, executed a two year lease of this property to William E. Jarrell, with

the option of purchasing the property for the sum of twenty-three hundred dollars. The lease in question is as follows:

> "This Agreement Witnesseth, That Mary Travel doth hereby agree to lease to William E. Jarrell property Number 600 S. Twelfth Street, in Baltimore City, Maryland, at a rental of thirty dollars ($30.00) per month, beginning from March 10th, 1919, for a term of two years, with the privilege of subleasing said property by William E. Jarrell, and also the option of purchasing said premises for the sum of twenty-three hundred dollars.

>         "Witness our hands and seals this sixteenth day of June, 1919.

>         "Mary Farebel.     (Seal)
>         "W. E. Jarrell.     (Seal)

> "Test:
>     "Emil R. Denhard."

William E. Jarrell, one of the parties to the lease, died on the 19th of October, 1919, and on the 24th of February, 1921, letters of administration on his estate were granted to his widow, Stella E. Jarrell, by the Orphans' Court of Baltimore City. Subsequently, she procured an order of the orphans' court directing the sale of the alleged lease and option, and sold the same to the plaintiff, J. Frank Fox, for the sum of two hundred dollars. This sale, it appears, was reported to and ratified by the orphans' court, and the administratrix thereafter made the following transfer and assignment on the lease and option to J. Frank Fox:

> "For value received, I hereby assign and transfer the above agreement and option to J. Frank Fox.
>         "Witness my hand and seal.
>         "Mrs. Stella Jarrell,   (Seal)
> "Administratrix of William E. Jarrell, deceased."

On March 5th, 1921, the appellant notified the three appellees, by letter, that he had purchased the lease and option and had elected to exercise the option to purchase the property,

contained therein.  The letter is set out in the record and is
as follows:

"March 5th, 1921.

"Mrs. Mary Fraebel and Mr. A. Edward Fraebel, her
husband, Bradford Building and Loan Associa-
tion.

"I beg to notify you that I have purchased from
Mrs. Stella C. Jarrell, Administratrix of the estate
of William E. Jarrell, the lease of and option to
purchase the property No. 600 South Twelfth Street,
Baltimore, Md.  I beg to notify you that I do hereby
exercise the option to purchase said property con-
tained in the agreement entered into with the late
William. E. Jarrell on June 16th, 1919.  I am ready
now to pay for said property in accordance with said
agreement, and would be glad if you will let me
know when you will be ready to execute a deed to me
for the same.

"This letter is a notice to you of my election to
exercise the option contained in said agreement.

"Kindly let me know not later than next Wednes-
day, March 9th, 1921, what time will be convenient
to you to consummate the matter.

"J. Frank Fox."

The defendants declined to convey the property to the ap-
pellant and, upon this refusal, the pending bill was filed to
specifically enforce the lease and the option to purchase the
property in question, and for a decree to compel the defend-
ants to execute a proper deed for the property to the plaintiff,
upon the payment of the purchase money.

The bill also asked that pending the determination of the
suit, the defendants and each of them, be restrained and en-
joined from selling, or in any way disposing of the property,
described in the lease.

The defendants answered the bill and by their answer
denied the right of the plaintiff to relief under his bill, and
alleged that the averment of fact was entirely insufficient to
afford relief by specific performance, as sought by the bill.

The case was heard upon bill, answers and proofs, and from a decree, dismissing the bill without prejudice to any rights at law that the plaintiff may have, this appeal has been taken.

The law of specific performance is well settled in this State and elsewhere, and it is only · necessary in this opinion to refer to a few of·the adjudicated cases. 25 *Ruling Case Law,* 203; *Stoddert* v. *Tuck,* 5 Md. 18; *Kraft* v. *Egan,* 78 Md. 36; *Henneke* v. *Cooke,* 135 Md. 417.

In *Horner* v. *Woodland,* 88 Md. 512, this Court said: "The contract sought to be enforced must be certain and definite in all of its provisions, and fair and mutual in its terms, and must be so clearly proven as to satisfy the Court that it constitutes the actual agreement between the parties. If any of these ingredients are wanting the specific performance will not be decreed."

In the present case, it will be seen that neither the alleged written contract, nor the contract and testimony taken together, present a proper case for relief by specific performance.

The contract or agreement to lease between Mrs. Mary Fraebel and Wm. E. Jarrell, dated the 16th of June, 1919, and containing the option to purchase the property, for the sum of twenty-three hundred dollars, was only signed by Mrs. Fraebel and not by her husband, Mr. Fraebel. The property had been assigned and transferred to them by Green, as tenants by the entireties, and the wife could not alone have effectually contracted to lease and to sell the property to which they held title as tenants by the entireties. *Hartman* v. *Thompson,* 104 Md. 408; *Abrams* v. *Eckenrode,* 136 Md. 248; *Milburn* v. *Michel,* 137 Md. 415.

An examination of the evidence shows that Mr. Fraebel, the husband, never agreed to sign the lease or contract of sale, and never authorized his wife, as his agent, to enter into an agreement, "to agree to lease" or to agree to sell the property. His testimony in this respect, and to this effect, is supported by that of his wife, Mary Fraebel. The paper,

in fact, was not signed by the husband, and was not properly executed to be specifically enforced. *Jordan* v. *Reynolds,* 105 Md. 296; *Vinton* v. *Beamer,* 55 Mich. 561; *Dixon* v. *Dixon,* 92 Md. 442.

The Orphans' Court of Baltimore City had no authority or power to direct the administratrix of Wm. E. Jarrell, deceased, to assign and transfer the lease and option of the 16th of June, 1919, to the plaintiff, so as to affect or defeat the right, title and interest of the defendant A. Edward Fraebel to the property in question.

The proof also fails to show a contract of sale that is binding upon both plaintiff and defendants, and the authorities are clear that the courts will not specifically execute a contract which is lacking in mutuality of obligation. *Duvall* v. *Myers,* 2 Md. Ch. 402; *Welty* v. *Jacobs,* 171 Ill. 624; *Milburn* v. *Michel,* 137 Md. 415.

As was said by this Court in *Abrams* v. *Eckenrode,* 136 Md. 249: "In view of the conditions existing in this case, it is evident that the right of the plaintiff to a decree for specific performance is not sufficiently clear, and that the difficulties in the way of such relief are too serious to permit us to reach any other conclusion than that the decree dismissing the bill of complaint should be affirmed."

For the reasons stated, the decree of the Circuit Court No. 2 of Baltimore City, dated the 20th day of May, 1921, dismissing the plaintiff's bill in this case, will be affirmed, but without prejudice to any rights at law that the plaintiff may have.

*Decree affirmed, with costs to the appellee.*