JOHN C. L. COLE et al.

vs.

LE ROY I. MURPHY.

*Specific Performance—Sale of Land—Default of Vendor.*

Where the vendor, within the time limited by the contract for performance, has refused to carry out his agreement for reasons other than the lapse of time, he cannot, after the expiration of the time limited, set up the vendee's failure to complete within such period as a bar to the vendee's rights, such failure being due to the vendor's own refusal.

*Decided January 8th, 1924.*

Appeal from the Circuit Court No. 2 of Baltimore City (DUKE BOND, J.).

Bill by Le Roy I. Murphy against John C. L. Cole and Jennie R. Cole, his wife, for specific performance. From a decree for plaintiff, defendants appeal. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*W. Melbourne Hart* and *R. Contee Rose,* with whom was *Alexander Preston* on the brief, for the appellants.

*Louis Samuels,* with whom was *Augustus C. Binswanger* on the brief, for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

Under the date of May 19, 1920, the appellants entered into a written contract to convey to the appellee the property known as Nos. 2221 and 2223 Hargrove Alley, in the City of Baltimore. The agreed purchase price was $650, of which $100 was paid at the time of signing, "the balance to be paid as follows: within thirty days. Time being the essence of this contract." The vendors having refused to deliver a deed for the property to the vendee, he filed a bill for specific performance, alleging that he has been ready, willing and able to carry out his agreement. The appellants duly filed their answer alleging that the vendee did not make any effort to consummate the transaction and did not request the vendors to perform until after the expiration of the time for settlement stipulated by the terms of the contract. This appeal has been taken from a decree of the lower court granting the relief prayed for in the bill of complaint.

From the record before the Court, we are satisfied that the vendors refused, prior to the expiration of the thirty-day period, to complete the transaction, and after the expiration of that period refused to extend the time or to then consummate the transfer, on grounds entirely foreign to any provision of the contract. The record fails to disclose the slightest effort on the part of the vendors to perform their obligation, nor have they ever tendered the return of the hundred dollars paid at the time the contract was executed.

This Court has held that a vendee seeking specific performance of a contract in which the time limited for the payment of the purchase price is expressly stated to be of the essence of the contract, is not entitled to a decree in his favor except upon proof that the original limitation of time was effectually waived or extended by the vendors. *Abrams* v. *Eckenrode*, 136 Md. 244; *Acme Building Company* v. *Mitchell*, 129 Md. 406. In the latter case it appeared that the vendor's attorney constantly made repeated efforts to obtain a settlement within the time limited, and even after

the expiration of such time the vendee was given an opportunity to complete.

In a case, however, where within the time limited the vendor has expressly refused to carry out his undertaking for reasons other than the lapse of time, equity and good conscience will not permit him, after the expiration of the period limited, to set up the failure of the vendee to complete within such period as a bar to the rights of the vendee, when the failure to complete has been directly due to the vendor's own refusal. Any other rule would permit a vendor in such a contract to evade his obligation upon the slightest pretext, if he thought it might be to his advantage to do so, and would leave a vendee acting in entirely good faith with no redress whatever, other than an action for the breach. It is a situation where the doctrine of waiver and estoppel is clearly to be applied.

The decree of the lower court will, accordingly, be affirmed, with costs.

*Decree affirmed.*