**In re Mark S. PERNIA, Debtor.**

**Bankruptcy No. 93–1–2811–PM.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

March 7, 1994.

James Fitzgibbons, Silver Spring, MD, for debtor.

Gary Rosen, Rockville, MD, Trustee.

## MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Before the court is the rehearing of the trustee's objection to debtor's claim of exemptions. Debtor claimed various assets as exempt by virtue of his ownership of the same together with his wife, Robin S. Pernia, as tenants by the entirety. Pursuant to court memorandum filed January 10, 1994, the parties submitted additional memoranda in support of their positions.

 The trustee has limited his objection to two items on debtor's Schedule C: (1) 5.000 units Carlyle R.E. Ltd. XV valued at $5,000.00, and (2) 8 Series EE United States Savings Bonds issued on various dates with an aggregate face value of $7,600.00. While the wording of this item on Schedule C is "U.S. Savings Bonds and Non–Tax Coupon Bond," no one has presented any evidence concerning a "non-tax bond." All of the Series EE Bonds are held in the name of Robin S. Pernia or Mark Pernia, and sometimes Mark S. Pernia. The Carlyle interest is held in the name of Mark Steven Pernia and Robin Shaffer Pernia, JTWROS. In Maryland, a tenancy by the entirety may exist in personal property as well as in real estate. *Tyler v. United States,* 281 U.S. 497, 501, 50 S.Ct. 356, 358, 74 L.Ed. 991 (1930). In bankruptcy cases, property interests are defined by state law. *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979).

 The trustee does not dispute that debtor's spouse, if called, would testify that she purchased the Series EE Bonds and the Carlyle R.E. Ltd. XV investment with entireties funds. In Maryland, property purchased with entireties funds retains its characteristic as entireties property. *M. Litt, Inc. v. Berger,* 225 Md. 241, 170 A.2d 303 (1961).

 As stated above, the Series EE Bonds claimed exempt are all held in the name of "Robin S. Pernia or Mark [S.] Pernia." The ownership and registration of Series EE Bonds are governed by Treasury Department regulations as set forth in the Code of Federal Regulations. These regulations are dispositive of all issues concerning ownership and transfer of Series EE Bonds. All laws and court decisions in conflict with the Treasury regulations are preempted. *United States v. Chandler,* 410 U.S. 257, 93 S.Ct. 880, 35 L.Ed.2d 247 (1973); *Free v. Bland,* 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962). The applicable Treasury regulation, 31 C.F.R. § 357.21(b)(2)(B)(ii) provides:

§ 357.21 Registration

(ii) "Or" form—"Coownership". In the names of two individuals, joined by the word "or". A security so registered shall confer on each owner an undivided interested in the security and shall create a conclusive right of survivorship.

Example: Robert Woods or Laura Woods

If a security is registered in this form, either coowner may make a transaction request, but if the Department receives conflicting requests at or about the same time, it may refuse to process them.

The applicable Treasury regulations empower either of the coowners to make a transaction request. Such unilateral power on the part of a coowner is entirely inconsistent with the entireties estate wherein neither tenant may convey without the consent and joinder of the other. No rule can be more settled than this in Maryland. *Tyler v. United States,* 281 U.S. 497, 501, 50 S.Ct. 356, 358, 74 L.Ed. 991 (1930); *Tizer v. Tizer,* 162 Md. 489, 160 A. 163, 165 (1932); *Abrams v. Eckenrode,* 136 Md. 244, 110 A. 468 (1920). Both husband and wife are essential parties to an effective transfer of property held as tenants by the entirety.

 The Carlyle real estate interest presents a different issue. On the record before the court, there is nothing to contravene the proffered testimony. The trustee argues that "one only need look at the face of the partnership certificate to see that it is held

as joint tenants and not as tenants by the entireties." While there is no Maryland case specifically on point, practice has been that ownership in the form JTWROS by a husband and wife is tantamount to ownership by the entireties. There is a presumption against joint tenancies in Maryland. The Superior Court of Pennsylvania was faced with a similar issue in the case of *Constitution Bank v. Olson*, 423 Pa.Super. 134, 620 A.2d 1146 (1993), and held that in Pennsylvania, with its similar presumption against joint tenancies, such ownership is tantamount to a tenancy by the entirety. The court finds that the Court of Appeals of Maryland would adhere to a similar rule.

An order will be entered in accordance with the foregoing.