**In re Birl C. STREET, Jr., Catherlene M. Street, Debtors.**

**Bankruptcy No. 92–1–5502–PM.**

United States Bankruptcy Court, D. Maryland, at Rockville.

March 11, 1994.

Richard Gilman, Tax Div., Dept. of Justice, Washington, DC, for U.S. on Behalf of I.R.S.

Ronald Schwartz, Silver Spring, MD, for debtors.

### MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Before the court is the debtors' objection to the claim filed by the United States of America for the Internal Revenue Service ("IRS"). The court adopts the parties' Proposed Stipulation of Facts (D.E. 40) (see Appendix attached). It is agreed that the IRS claims for the years 1986, 1987, and 1991 represent joint claims against both debtors. The parties further agree that the IRS also has a secured claim against Catherlene Street to the extent that the IRS liens attach to her interest in property in which the estate has an interest. There are two items for the IRS lien to adhere. The first is her interest as a tenant by the entirety of the parties' residence located at 3603 Daffney Court, Upper Marlboro, Maryland, and the second is her interest in two 401(k) plans claimed by her as exempt.

The court is unsure that the parties agree what issue is joined. This contested matter was started by the debtors' objection to the proof of claim of the Internal Revenue Service (D.E. 11) with six prayers for relief. Prayer 6 causes confusion—"that the debtors be granted such other relief as the Court deems appropriate and necessary." This is the traditional prayer for general relief filed in equity cases. It has no relevance to this contested matter. Perhaps this led the IRS to conclude in its reply to debtors' memorandum:

> "Based on the foregoing, debtors' objection to the IRS' proof of claim insofar as it seeks a determination that the IRS' liens do not attach to Catherlene Street's ERISA plan ought to be disallowed."

The parties are reminded that the bankruptcy discharge does not operate by itself to avoid the IRS' liens. Such liens survive the closing of this case and retain

whatever vitality they may have had going into the bankruptcy case. "[V]alid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt." *Estate of Lellock v. Prudential Ins. Co. of Am.,* 811 F.2d 186, 189 (CA3 1987) (footnote omitted); *See also, In re Walls,* 125 B.R. 908 (BC Del.1991); *Matter of Pierce,* 29 B.R. 612, 614 (BC E.D.N.C.1983); *In re Nason,* 22 B.R. 690 (BC Me.1982). As to the lien creditor, the bankruptcy discharge extinguishes only one mode of enforcing a claim, proceeding against the debtor *in personam.* The *in rem* component of the claim remains. *Johnson v. Home State Bank,* 501 U.S. 78, 83–86, 111 S.Ct. 2150, 2154–55, 115 L.Ed.2d 66 (1991). Debtors do not suggest that any grounds exist under 11 U.S.C. § 545 for the avoidance of any statutory lien. Such an action requires the filing of an adversary proceeding.

Some historical recollection is useful. In a short *per curiam* opinion filed in the seminal case of *Greenblatt v. Ford,* 638 F.2d 14 (CA4 1981), *affirming In re Ford,* 3 B.R. 559 (BC Md.1980), the Court of Appeals confronted the Maryland tenancy by the entireties. The court pointed out that if one of two tenants by the entirety filed a bankruptcy case, whatever interest that tenant had became a part of the bankruptcy estate. *Id.* That interest passes out of the estate by virtue of a claimed exemption. In *Chippenham Hospital, Inc. v. Bondurant,* 716 F.2d 1057, 1058 (CA4 1983), a case under the Bankruptcy Code, the Fourth Circuit adhered to its precedent under the Bankruptcy Act of 1898, *Phillips v. Krakower,* 46 F.2d 764, 765–66 (CA4 1931), and upheld the right of a creditor of a debtor and nonfiling spouse to get relief from the automatic stay of 11 U.S.C. § 362(a) to reach property held by the entireties. Later, in *Sumy v. Schlossberg,* 777 F.2d 921 (CA4 1985), the Fourth Circuit pointed out that under 11 U.S.C. § 363(h) the trustee may sell property held by a debtor as a tenant by the entirety with a non-debtor spouse for the benefit of creditors of both the filing tenant and the non-filing tenant, subject however to the protections of that subsection. No one argues that this case is an appropriate one for such sale. Again, such action would have to be commenced by way of an adversary proceeding. In the absence of *Sumy* facts, the trustee cannot reach entireties property without the joinder of both tenants.

For a thorough analysis of the relationship of bankruptcy and entireties law in Maryland and elsewhere, one may look to Arnold, *Tenancy by the Entirety and Creditors Rights in Maryland,* IX Md.L.Rev. 291 (1948), and Craig, *An Analysis of Estates by the Entirety in Bankruptcy,* 48 Am.Bankr.L.J. 255 (1974), and the numerous cases analyzed by Professor Arnold, including: *Jordan v. Reynolds,* 105 Md. 288, 66 A. 37 (1907); *Frey v. McGaw,* 127 Md. 23, 95 A. 960 (1915); and *Annapolis Banking & Trust Co. v. Smith,* 164 Md. 8, 164 A. 157 (1933), among others.

■ What the IRS has is a lien on the survivorship interest of one tenant, Catherlene Street. That lien cannot be enforced against property held by the entireties. *Cf. Phillips v. Krakower,* 46 F.2d 764, 765 (CA4 1931). In Maryland, this concept operates to protect the entireties property from judgments against one of the two entireties tenants as well to strike down leases or mortgages placed by one of two such tenants. *State v. Friedman,* 283 Md. 701, 393 A.2d 1356, 1358–59 (1978); *Fox v. Fraebel,* 140 Md. 54, 116 A. 876, 877 (1922); *Arbesman v. Winer,* 298 Md. 282, 468 A.2d 633, 637–39 (1983). Under existing Maryland law, the Streets may dispose of the property without regard to a lien against one. *Watterson v. Edgerly,* 40 Md.App. 230, 388 A.2d 934, 939 (1978); *Hertz v. Mills* 166 Md. 492, 171 A. 709, 711 (1934). Logic dictates the same result as to statutory liens.

Therefore, the IRS has no interest as a secured creditor in 3603 Daffney Court, Upper Marlboro, Maryland. Pursuant to the parties' Stipulation the court will not consider whether the IRS has a claim secured by the debtor Catherlene Street's retirement plans. In any event, any interest in these plans are not includable as property of debtors' bankruptcy estate. *Patterson v. Shumate,* —— U.S. ——, ——, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519 (1992); *In re Moore,* 907 F.2d 1476 (CA4 1990); *In re Rueter,* 11 F.3d 850 (CA9 1993). Therefore, the allowed

**410**

claim of IRS is not secured by a lien on property in which the estate has an interest. 11 U.S.C. § 506. Its lien against the interest of Catherlene Street remains.

An order will be entered in accordance with the foregoing.

### APPENDIX

### STIPULATION OF FACTS

(1) The Internal Revenue Service has a secured claim only as to Catherlene Street;

(2) The Internal Revenue Service's claim for tax years 1980 through 1984 are [sic] solely against Catherlene Street. The Internal Revenue Service's claim for tax years 1986, 1987, and 1991 are [sic] joint claims against both debtors;

(3) The Internal Revenue Service has a secured claim against Catherlene Street for tax years 1980 through 1984, 1986, and 1987, only to the extent that the Internal Revenue Service's liens attach to her interest in property, if any, in which the estate has an interest, including her undivided interest in property which debtors hold as tenants by the entirety. To the extent that Catherlene Street's interest in the property in which the estate has an interest is less than the IRS' claim for tax years 1980 through 1984, 1986 and 1987, the IRS' claim is unsecured (general). In this regard, the liens filed against Catherlene Street are void as to the property in which the estate has an interest.

(4) The debtor's [sic] own tenancy by the entireties property in Prince George's County consisting of a residence, with equity in the amount of $17,066.69, and household goods and furnishings valued at $4,668.00.